PER CURIAM.
The defendants appeal a final judgment in the sum of $4,090.22 entered for the plaintiff, Henry Cleys. The plaintiff cross appeals the action of the trial court in failing to require an accounting or damages from the defendants, who allegedly did not properly operate a small loan company for five years subsequent to the sale of the business by the plaintiff to the defendants.
It appears that the plaintiff, Henry Cleys, and the defendant, Julien Balogh, entered into an agreement dated August 8, 1958, whereby Cleys agreed to sell and Balogh agreed to buy the stock of Stirling Loan Company, Inc., together with certain other equipment belonging to Cleys. An agreement of purchase and sale and a bill of sale for the personalty were executed and delivered for a proper consideration between the parties.
Paragraph 4 of the Agreement of Purchase and Sale provides, in part:
“That in addition to the aforesaid purchase price, the Purchaser shall pay unto the Seller on or before December 15th of each year, subsequent to the date of closing, for a period of five (5) years, a sum equal to the Income Taxes saved by reason of the deductions taken in the Annual Federal Income Tax Returns of the said corporation for reason of business losses'suffered by said corporation prior to the date of closing. * * * ”
The defendants interpret this clause to entitle plaintiff Cleys to “savings from carry-forward taxes losses” of the loan company, but not to carry back tax losses. The plaintiff claims this clause provides that he is entitled to carry back tax savings in the sum of $4,090.22 for the years 1955 through 1957; or, if this clause is ambiguous, it should be reformed or interpreted to accord with the intentions of the parties.
*191 The trial court obviously felt that the agreement was either ambiguous or did not cover the particular element [carry back tax loss], as it permitted parol evidence on this question. The defendants’ motion to add the defense of the Statute of Frauds was denied, and final judgment in the sum of $4,090.22 was granted to Cleys for the amount of the carry back tax loss due to the Stirling Loan Company, Inc.
The record before us does not show under what right or authority the plaintiff, Henry Cleys, is entitled to a tax refund belonging to Stirling Loan Company, Inc. There is no evidence that he reserved to himself personally this right to a carry back tax refund due the corporation. Paragraph 2 of the Agreement of Purchase and Sale which Cleys executed and delivered to Balogh established the formula by which the purchase price was determined and included an item entitled “all other assets of the said corporation”. ■ This indicates no reservation of this particular asset to the plaintiff Cleys.
The agreement specifically refers to a tax period of five years and indicates a tax loss (carry over) to be paid to plaintiff for this time. We find that the plaintiff has failed to establish in the record by what right he was entitled to receive a carry back tax refund belonging to the corporation, Stirling Loan Company, Inc., and we therefore reverse the judgment for the plaintiff for the amount of the carry back tax refund.
We have examined the record on plaintiffs cross assignment of error and conclude that an accounting should be held to determine what profits, if any, the plaintiff Cleys was entitled to recover for breach of an implied agreement to operate Stirling Loan Company, Inc. in good faith during the five year period of the life of the carry over tax agreement.
The cause is therefore reversed and remanded for action not inconsistent herewith.
Reversed and remanded.