PER CURIAM.
The appellant was the plaintiff in the trial court, and he appeals a final judgment for the defendants. Appellant’s complaint claimed damages upon a contract whereby he sold to appellee Julien E. Balogh the operating assets of Stirling Loan Company, Inc. After a trial by the court final judgment in the amount of $4,090.22 was entered for Henry Cleys, the plaintiff and the present appellant. The plaintiff and the defendants appealed. Our opinion on those appeals is reported as Balogh v. Cleys, Fla.App.1966, 185 So.2d 190.
An examination of that opinion reveals that upon plaintiff Cley’s appeal we held that it was error for the trial court to deny plaintiff’s claim for an accounting, and we directed that upon remand an accounting should be held to determine:
“what profits, if any the plaintiff Cleys was entitled to recover for breach of an implied agreement to operate Stirling Loan Company, Inc. in good faith during the five year period of the life of the carry over tax agreement.”
Upon the cross-appeal of defendants, Balogh, et. al., we reversed the judgment entered for the plaintiff, holding that it represented the amount of a carry back tax refund to which the plaintiff was not en titled.
On remand the cause was tried by the court and a final judgment was entered for the defendants. This appeal by the plaintiff challenges the final judgment upon two basic propositions: (1) the judgment for the defendants is contrary to the law of the case as it was established by our prior opinion; (2) the judgment is contrary to the legal effect of the evidence as a whole.
A reading of our prior opinion shows that we did three things: (1) reversed a judgment for the plaintiff because that judgment was not supported by the evidence; (2) held that the trial judge had erred when he refused to consider plaintiff’s prayer for an accounting; (3) remanded the cause for further proceedings. The trial judge received all the evidence plaintiff offered. He found that:
“1. The Plaintiff has been afforded a full and complete opportunity for an accounting.
“2. The Plaintiff has obtained the accounting which he sought and which was ordered by the District Court of Appeal of Florida, Third District.”
‡ ‡ ;j< ifi >j5
“4. The Plaintiff failed to establish that the implied agreement, obligation or fiduciary duty to operate STIRLING LOAN COMPANY in good faith during the five year period of the life of the tax carry forward was violated by any of the Defendants. Rather, the Court determines, from the weight of the evidence, that the Defendant, JULIEN BALOGH, had extended his best efforts to make a profit for STIRLING LOAN COMPANY during the period involved although no such profit was ever made by STIRLING LOAN. Further, STIRLING LOAN COMPANY, a corporation still in operation, did not make a profit in any year subsequent to the five year period here involved.
“5. The Plaintiff did not make a sufficient showing that the Defendants, or any of them engaged in any manipulation or scheme to preclude him from enjoying any benefits of the said tax carry forward to which STIRLING LOAN COMPANY might have been entitled. There was no showing of any fraudulent conduct on the part of any Defendant herein.”
*466 The procedure followed by the trial judge was entirely proper, and the findings show a careful consideration and adherence to our short and perhaps inadequate directions. The trial judge followed the law of the case.
We have examined the record in the light of the briefs and the argument of appellant that the judgment is contrary to the legal effect of the evidence. Appellant urges that unrefuted evidence established his theory of the case and his damages. We have considered the argument upon the evidence and find that error has not been made to appear. Goldfarb v. Robertson, Fla.1955, 82 So.2d 504; Jeffreys v. Simpson, Fla.App.1969, 222 So.2d 224.
Affirmed.