303 So.2d 663 (1974)
Maurice W. STRAUSER, Appellant,
v.
Cynthia Lorayne STRAUSER, Appellee.
No. 74-67.
District Court of Appeal of Florida, Fourth District.
November 22, 1974.
Hal H. McCaghren, West Palm Beach, for appellant.
No appearance for appellee.
MOORE, JOHN H. II, Associate Judge.
This is an appeal from an Order of the trial court holding the Appellant-Husband in contempt of court for failure to pay child support and alimony ordered by the trial court pursuant to Final Judgment of Dissolution of Marriage entered on June 29, 1972. Upon receipt of the Motion for an order of contempt the Appellant-Husband filed a Motion to Vacate the default judgment of dissolution of marriage contending that the trial court was without jurisdiction over his person for lack of service of process upon him. Additionally, Appellant-Husband *664 contended that he was never notified of the entry of the Final Judgment. From the trial court's denial of Appellant's Motion to Vacate Appellant filed a timely Notice of Interlocutory Appeal.
Notwithstanding the existence of Appellant's perfected Interlocutory Appeal from the trial court's denial of his Motion to Vacate the trial court proceeded with a hearing on Appellee's Motion for Contempt, denying also Appellant's Motion to Strike the notice of hearing for contempt. Appellant-Husband now appeals the resultant Order of Contempt contending that the trial court was without authority to proceed with the contempt proceedings because he had timely appealed the issue of jurisdiction over his person, that he could not be held in contempt of court for willful failure to obey an Order when he had no notice of suit, no notice of final hearing, and received no copy of the Final Judgment, and that the court's Order of Contempt is improper for the reason that it operates prospectively, finding the Defendant in contempt for failure to pay in accordance with its terms without providing the Appellant notice and an opportunity to be heard.
Appellant's first point has merit and requires reversal of the trial court's Order of Contempt. When an appeal is perfected the subject matter of the appeal is withdrawn from the lower court thereby terminating the authority of the lower court to proceed in the cause, at least as to the subject matter of the appeal until the appeal is heard and determined or unless authorized by the Appellate Court. Mandrachia v. Ravenswood Marine, Inc., 118 So.2d 817 (Fla.App. 1960); see also Thursby v. Stewart, 103 Fla. 990, 138 So. 742 (1931); and Willey v. W.J. Hoggson Corporation, 89 Fla. 446, 105 So. 126 (1925). By perfecting his interlocutory appeal contesting the issue of jurisdiction over his person the Appellant has effectively divested the trial court of the authority to proceed with contempt proceedings against him at least until the subject matter of the appeal has been heard and determined. The trial court therefore was in error in finding the Appellant in contempt of court.
Although this holding renders moot the other matters raised on appeal we feel compelled to comment upon one of such other matters for benefit of the trial court. The Order of Contempt operates prospectively in that it orders the Appellant to make certain periodic payments and upon failure to make any one of said payments the Sheriff is ordered to commit the Appellant to the County jail for a period of fifteen days. A respondent can only be held in contempt upon a determination by the Court that his failure to comply with the Order of the Court is a willful failure and due process requires that he be apprised of the nature of his contempt and an opportunity to be heard and defend the allegations. The Order of Contempt in the instant case violates due process requirements by failing to provide Appellant with an opportunity to be heard and to defend the charges against him.
Accordingly, the Order of the trial court adjudging the Appellant to be in contempt of court is reversed and this cause remanded to the trial court for further proceedings consistent with this opinion.
WALDEN and MAGER, JJ., concur.