PER CURIAM.
We affirm that portion of the trial court’s order which found appellant/former-husband in contempt for failing to pay $3,321.00 in child support. Calculation of the amount due is a factual determination which, in this case, is supported by the record. Furthermore, appellant has failed to demonstrate an abuse of discretion by the trial court in its refusal to consider a post-hearing tender of cancelled checks. The burden of establishing newly discovered evidence is extremely high, and we concur with the trial court’s implied finding that appellant failed to satisfy this burden. See Dade National Bank of Miami v. Kay, 131 So.2d 24 (Fla.3d DCA), cert. denied, 135 So.2d 746 (Fla.1961).
However, relying upon Strauser v. Strauser, 303 So.2d 663 (Fla. 4th DCA 1974), we reverse that portion of the trial court’s order which states that if appellant fails to comply with the repayment schedule, “an Order of Commitment for the arrest of . . . [appellant] will issue without further notice or hearing.”
Accordingly, the order is affirmed in part and reversed in part and the cause is remanded with instructions to strike the automatic commitment provision from the order.
LETTS, C. J., and MOORE and HURLEY, JJ., concur.