409 So.2d 196 (1982)
Juan E. ACOSTA, Appellant,
v.
Carmen DeLara ACOSTA, Appellee.
No. 81-292.
District Court of Appeal of Florida, Third District.
February 2, 1982.
*197 Cummins & Wanshel and Laurence A. Wanshel, Miami, for appellant.
Sibley, Giblin, Levenson & Glaser and Allen J. Smith, Miami Beach, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
PER CURIAM.
That portion of the trial court's order providing for appellant's automatic incarceration upon his failure to make future alimony and child support payments is reversed. Before the court may hold appellant in contempt for failure to comply with financial provisions of the final judgment of dissolution, the court must determine either that appellant has the ability to comply with the order and wilfully refuses to do so, or that he previously had the ability to comply but divested himself of that ability either negligently or intentionally in order to frustrate the intended purpose of the order. Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976). See also Hammond v. Sandstrom, 376 So.2d 466 (Fla. 3d DCA 1979), and cases cited; Wright v. Wright, 331 So.2d 395 (Fla. 4th DCA 1976).
A notice of compliance having been filed with this court indicating that the arrearages cited in the order on motion for contempt have been paid, the remaining provisions of the trial court's order are moot. We therefore decline to rule on them.
Affirmed in part; reversed in part.