438 So.2d 541 (1983)
Albert PONDER, Appellant,
v.
Mary E. PONDER, Appellee.
No. AP-187.
District Court of Appeal of Florida, First District.
October 6, 1983.
*542 Larry R. Morgan, Legal Services of North Florida, Inc., Tallahassee, for appellant.
No appearance by appellee.
ZEHMER, Judge.
The appellant, Albert Ponder, was held in contempt of court for failure to make court-ordered child support payments and was sentenced to six months in jail upon the condition that he could purge his contempt and thereby secure his release by paying $750 of the accrued arrearages. We reverse because there is no evidence in the record to indicate that Mr. Ponder had the ability to pay $750 at the time of his commitment and the court below made no clear and unequivocal finding to that effect.
The purpose of commitment for civil contempt is not to punish but, rather, to coerce compliance with the court's decree. Hence, it is customarily said that a person sentenced to jail for civil contempt "carries the key to his cell in his own pocket." Demetree v. State, 89 So.2d 498 (Fla. 1956); Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977); In the Interest of S.L.T., 180 So.2d 374 (Fla. 2d DCA 1965). This means that any person sentenced for civil contempt must have the ability to and be given the opportunity to purge himself of such contempt and thereby secure his release from jail. See generally, 17 Am.Jur.2d, Contempt, § 4.
In 1976 the Florida Supreme Court in Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976) ruled that prior to holding a person in contempt of court for failure to pay court-ordered child support, a trial judge must make an affirmative finding that:
1. The [alleged contemnor] presently has the ability to comply with the order and willfully refuses to do so, or
2. The [alleged contemnor] previously had the ability to comply but divested himself of that ability through his fault or neglect designed to frustrate the intent and purpose of the order.
Recently, the Supreme Court decided Andrews v. Walton, 428 So.2d 663 (Fla. 1983), in which the primary issue was whether a person charged with civil contempt has the right to court-appointed counsel when such person is faced with possible incarceration. In discussing the civil contempt process, the Court restated its holding in Faircloth in the following terms:
In [Faircloth], we held that, to satisfy due process, a person could not be adjudicated guilty of failing to pay alimony or child support and sentenced to imprisonment conditional upon payment unless the trial court finds that the person (1) has the ability to make the payments; and (2) willfully refuses to pay.
Id., at 666 [emphasis added]. Relying upon its restatement of the Faircloth rule, the Court held that a person charged with civil contempt is not entitled to court-appointed counsel, reasoning that if such person is indigent, and thus qualified for court-appointed counsel, he cannot be incarcerated because his indigency prevents him from being able to purge his contempt.
*543 We believe the Andrews opinion necessarily limits the effect of the language in Faircloth to the extent that, in every case, present ability to pay the purge amount is a necessary predicate to committing a civil contemnor to jail for failing to comply with the court's order. This interpretation of the Faircloth rule is in harmony with the previous Supreme Court opinions in Demetree, supra, and Pugliese, supra, and is also in harmony with the general rule in other states. 17 Am.Jur.2d, Contempt, § 4. As we read Andrews and the Third District's recent opinion in Robbins v. Robbins, 429 So.2d 424 (Fla. 3d DCA 1983), the two-part test in Faircloth is applied only when the trial court makes its initial determination that contempt has occurred. In other words, while the language in Faircloth suggests that a person can be found in contempt if he has intentionally disposed of his financial resources to avoid compliance with the order, even though he does not have a present ability to comply with the court order, according to Demetree, Pugliese, Andrews, and Robbins, such person cannot be committed to jail unless there is also an affirmative finding based upon evidence in the record that at the time of incarceration the contemnor has the ability to make payment of the purge amount. Anything less removes the "key to his cell" from the contemnor's pocket, operates to punish rather than coerce prospective compliance with the court's order, and transforms the proceeding from one for civil contempt to one for criminal contempt, thereby requiring full compliance with Rule 3.840, Florida Rules of Criminal Procedure, and other due process requirements applicable to trial and punishment for criminal contempts. Pugliese v. Pugliese, supra; Robbins v. Robbins, supra.
In the present case, the order of contempt found, in general language, that Mr. Ponder "has or had an ability to comply with an order of this court and failed to do so." Yet the only evidence in the record regarding Mr. Ponder's financial status at the time of sentencing was that he had no money or property, except for a $100 paycheck due shortly. The sentencing of Mr. Ponder to jail with a purge amount of $750, therefore, improperly turned the civil contempt proceeding into a criminal contempt proceeding without providing him the right to court-appointed counsel and other due process protections afforded by Rule 3.840, Florida Rules of Criminal Procedure.
The judgment of contempt and commitment is REVERSED and this case is REMANDED for further proceedings as deemed necessary for entry of judgment consistent with this opinion.
SHIVERS, J., concurs.
MILLS, J., dissents, with opinion.
MILLS, Judge, dissenting:
I dissent.
It affirmatively appears from the record that Ponder has served the sentence imposed on him by the trial court and has been discharged. The issue raised by this appeal is therefore moot. I would dismiss the appeal.
It was recently pointed out by Judge Zehmer that this Court is a busy Court and should not be required to divert its efforts to cases that do not require its attention. D.C., a child v. State, 436 So.2d 203 (Fla. 1st DCA 1983).