SMITH, Judge.
Appellant urges the existence of several errors and deficiencies in the hearing process which resulted in his adjudication for contempt and subsequent imprisonment for non-payment of his child support obligations as previously ordered by the court. We have duly noted appellant’s arguments and contentions along this line and would agree that the entire process below appears to leave much to be desired. For one thing, the attorneys’ discharge of their duties and review by this court has been hampered by the use of a mechanical recording device, instead of a court reporter, with the result that portions of the testimony and proceedings below are transcribed as simply “(unintelligible).”
We find it unnecessary, however, to dwell upon other issues because we find one fatal defect which requires reversal. Although the court’s April 20, 1983, contempt order recites that appellant “had and has an ability to comply with the order of this court and failed to do so,” when this finding is viewed in the light of the evidence presented and the statements by the trial court at the hearing, we cannot construe it to mean that appellant, at the time of the hearing, had the present ability to make the payment of $291.50 (the portion of total arrearages of $491.50 ordered paid that day) required in order to avoid going to jail, or to secure release afterwards. It is patently obvious that the trial court based the contempt order upon the premise that appellant previously had the ability to comply with the court order but divested himself of that ability through his own fault or neglect designed to frustrate the intent and purpose of the support order. Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976); Ponder v. Ponder, 438 So.2d 541 (Fla. 1st DCA 1983), petition for review denied, 447 So.2d 887 (Fla.1984); Bowen v. Bowen, 454 So.2d 565 (Fla. 2d DCA 1984). As explained in this court’s Ponder decision, supra, decided subsequent to the proceedings here reviewed, while this finding (the so-called “second prong” of the Faircloth test) is sufficient for the court’s initial determination that contempt has occurred, the contemnor, “cannot be committed to jail unless there is also an affirmative finding based upon evidence in the record that at the time of incarceration the contemnor has the ability to make payment of the purge amount.” Ponder, supra, 438 So.2d at 543. Absent such a finding of present ability to pay and thus secure release from custody, the proceeding is transformed from civil to criminal contempt, because the imprisonment operates to punish, rather than coerce payment. Full compliance with Rule 3.840, Florida Rules of Criminal Procedure, applying to indirect criminal contempt, is a necessary prerequisite to a sentence imposed for punishment of the contemnor. See, also, Bowen v. Bowen, supra. Although appellant was represented by counsel in this proceeding below, appellant did not have the benefit of the additional protections afforded by the rule, including an order stating the essential facts constituting the criminal contempt charged, the right to compulsory attendance of witnesses, and other important safeguards. That appellant, in fact, was without means to pay for his release is further indicated by the trial court’s subsequent order adjudicating him insolvent for the purpose of filing an appeal to this court. See, Andrews v. Walton, 428 So.2d 663 (Fla.1983).
The order appealed from is REVERSED.
WIGGINTON and NIMMONS, JJ., concur.