502 So.2d 2 (1986)
Charles D. PHILLIPS, Appellant,
v.
Kathleen H. PHILLIPS, Appellee.
No. 85-2753.
District Court of Appeal of Florida, Fourth District.
June 11, 1986.
*3 Odette Marie Bendeck of Gunster, Yoakley, Criser & Stewart, P.A., West Palm Beach, for appellant.
No appearance for appellee.
WALDEN, Judge.
The matter was before the trial court upon the former wife's motion for contempt. The resulting order which is here now on appeal provided in material part:
[T]he Court does find that the Former Husband is hereby found to be in contempt for failure to pay approximately $3,268.00 in support. He is hereby sentenced to thirty days in the county jail if not paid, by a purge payment, by November 15 of 1985. Further, he will continue to keep current on all payments, including payment of his contribution to the mortgage, where the minor children reside.

In the event of his non-compliance, within five days of his future payments being due, a commitment order will issue upon filing, by the Former Wife, a sworn affidavit. [Emphasis supplied]
The husband appeals the emphasized portion of the above order. We reverse that portion.
This court considered a like issue in Strauser v. Strauser, 303 So.2d 663 (Fla. 4th DCA 1974), and stated:
The Order of Contempt operates prospectively in that it orders the Appellant to make certain periodic payments and upon failure to make any one of said payments the Sheriff is ordered to commit the Appellant to the County jail for a period of fifteen days. A respondent can only be held in contempt upon a determination by the Court that his failure to comply with the Order of the Court is a willful failure and due process requires that he be apprised of the nature of his contempt and an opportunity to be heard and defend the allegations. The Order of Contempt in the instant case violates due process requirements by failing to provide Appellant with an opportunity to be heard and to defend the charges against him.
Id. at 664.
See also Robbins v. Robbins, 429 So.2d 424 (Fla. 3d DCA 1983), and Lang v. Lang, 404 So.2d 190 (Fla. 4th DCA 1981).
We reverse and remand with instructions to strike that portion of the trial court's order of November 6, 1985 (the portion above emphasized), which provided that a commitment order will issue in the future upon the filing of an affidavit by the former wife as to the former husband's nonpayment.
REVERSED AND REMANDED.
GUNTHER and STONE, JJ., concur.