ORFINGER, Judge.
The former husband appeals from an order entered simultaneously with the final judgment of dissolution of marriage, adjudicating him in contempt of court and sentencing him to 179 days in the county jail “if he fails to make prompt [child support] payment in the future ...” (emphasis added). The husband was current in his support payments at the time the order was entered. The order was therefore improperly entered and is reversed.
An adjudication of civil contempt should relate to past conduct, not prospective conduct. See Wright v. Wright, 331 So.2d 395 (Fla. 4th DCA 1976). Additionally, the failure to make payments when they later become due might not be contemptuous if the appellant does not then have the ability to pay, thus not willfully failing to do so. Incarceration for civil contempt cannot be imposed absent a finding by the trial court that the contemnor has the present ability to purge himself of contempt. Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). Obviously the trial court cannot make this determination in advance.
REVERSED.
COBB, C.J., and COWART, J„ concur.