ZEHMER, Judge.
The former husband, James Norman Nelson, appeals an order adjudging him in contempt of court for failing to pay certain expenses of support of his minor son. The order provides in pertinent part:
[T]he Respondent has had over the period of time in question the means with which to make such payments ... within the next 45 days. The Court further finds that the Respondent is responsible for the payment of one half of the following expenses: 1) the Turnabout Program —$382.86; 2) orthodontist bills in the amount of $1,550.00; 3) impacted wisdom teeth extraction — $220.00; 4) impressions —$75.00. Total $2,227.86, one half of which amounts to $1,113.93.
Additionally, Respondent is in arrears in child support in the amount of $200.00 for a total owed of $1,313.93.
Upon the evidence presented in this cause, the Court finds the Respondent, James Norman Nelson, in contempt of this Court and sentences him to six months in the Leon County Jail provided, that said James Norman Nelson shall have until July 22, 1985, to make the above payments and failing the same shall be incarcerated in the Leon County Jail and may purge himself of such contempt at any time by making payment of the above sum.
Appellant complains first that the trial court erred in ordering him to pay certain expenses for orthodontic and psychological treatment and limiting the time period for payment to forty-five days. Second, appellant argues that the trial court erred in finding him in contempt of court and ordering his incarceration unless he purges himself of contempt by paying the several items of child support expenses.
We find no error in the lower court’s determination that the father should pay one-half of the cost of the son’s participation in a program of psychological treatment and one-half the cost of orthodontic treatment and wisdom teeth extraction and dental impressions.
We do, however, disapprove the requirement that all sums specified be paid within forty-five days of the order entered July 11, 1985, because the record contains insufficient competent, substantial evidence of the former husband’s financial ability at the time of the hearing to make such payments within that period of time. The record reflects that the husband is presently disabled from an industrial injury and that his sole source of income is wage-loss benefits under the Florida Workers’ Compensation Act, chapter 440, Florida Statutes. According to the husband, the carrier controverted wage-loss benefits for the months of March, April, and May 1985 and did not pay for the three months immediately preceding the hearing resulting in the appealed order. The only evidence offered to controvert the husband’s testimony was a letter dated June 7, 1985, from an employee of the Division of Workers’ Compensation which confirmed that the Division’s records showed this employee had received *620 wage-loss benefits of $980.40 per month from January 1, 1983, through February 28,1985. The letter further stated that the Division employee had confirmed through a telephone call to an assistant supervisor of the carrier that wage-loss benefits had been controverted for March 1985, but that wage-loss benefits had been paid for April and May 1985 according to her records. The husband’s hearsay objection to the letter was well-taken, especially as to the recitation of information elicited from the carrier’s representative. The letter does not constitute competent, substantial evidence that the husband had in fact received the benefits for those months, or that this income had been reinstated at the time of the hearing. Lacking such evidence, we find no basis in the record to support the requirement that all sums be paid within forty-five days, and conclude that this ruling is an abuse of discretion based on the present record.
Addressing the second point, we also reverse the adjudication of contempt. The $200 in arrears for child support payments was the only amount that was finitely fixed by an order or judgment entered prior to the order under review. Prior orders had left open and somewhat ambiguous the husband’s precise responsibility for the other expenses listed. In fact, the obligation to pay those expenses, and the amounts, were not firmly fixed until the entry of the instant order holding the husband in contempt. Therefore, the instant order improperly directs incarceration for failure to comply with a requirement to pay in the future, rather than to compel compliance with previously fixed obligations respecting which the husband was in default (except as to the $200 child support payments). Ragosta v. Ragosta, 490 So.2d 233 (Fla. 5th DCA 1986). Finally, as previously indicated, the record does not contain sufficient proof of appellant’s existing ability to pay the required amount within the time specified. It is not, of course, improper for the order to set forth the amounts found to be due and owing and, upon a finding of his ability to pay, to advise the husband that unless the amounts are paid within a time period specified in the order he is subject to being held in contempt of court and incarcerated in jail until he so complies to the extent of his then-existing financial ability. But that is not what the order under review purports to do. We conclude, therefore, that the adjudication of contempt for nonpayment of all of the recited expenses is not in compliance with Bowen v. Bowen, 471 So.2d 1274 (Fla.1985); Smith v. Miller, 451 So.2d 945 (Fla. 1st DCA 1984); and Ponder v. Ponder, 438 So.2d 541 (Fla. 1st DCA 1983), pet. for review denied, 447 So.2d 887 (Fla.1984), and must be reversed.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings in accordance with this opinion.
SHIVERS and BARFIELD, JJ., concur.