514 So.2d 372 (1987)
Gerald O. SIMZER, Appellant,
v.
Betty J. SIMZER, Appellee.
Nos. 85-2309, 86-838.
District Court of Appeal of Florida, Second District.
September 4, 1987.
Rehearing Denied November 3, 1987.
David M. Wall, Clearwater, for appellant.
Thomas P. Colclough, of Wallace, Finck, Boake & Colclough, P.A., St. Petersburg, for appellee.
*373 SCHEB, Acting Chief Judge.
The husband challenges certain provisions of a final judgment dissolving the parties' marriage and a subsequent order awarding the wife attorney's fees. We affirm in part and reverse in part.
The parties married on April 24, 1982, and separated around the middle of 1983. In March 1984, the wife filed a petition for dissolution of marriage. She sought an equitable distribution of the parties' assets and claimed an entitlement to alimony and attorney's fees. The husband's answer set forth affirmative defenses, one of which recited that a prenuptial agreement had been entered into by the parties in April 1982. The agreement stipulated that in the event of dissolution of marriage, the wife was to receive no alimony and "all properties held at time of marriage reverts to former owner," with the wife's entitlement limited to an agreed upon disposition of furniture. The wife responded by denying the husband's affirmative defenses and asking that the court set aside the prenuptial agreement.
At the final hearing in April 1985, each party's financial statement and the prenuptial agreement were entered into evidence. The husband, age 59, filed a financial statement which revealed a substantial net worth, including cash, stocks and bonds, a penthouse condominum in Clearwater and a home in Canada. He had recently embarked on a new career in real estate. The wife, age 59, had a net worth equal to about one-third of her husband's. The wife's assets consisted substantially of proceeds she received from the sale of a home she acquired as a result of dissolution of a prior marriage.
While the testimony of the parties was in conflict as to whether they had discussed the terms of the prenuptial agreement before signing it, the wife said that she first saw the agreement on the day they were married. She further testified that at the time, she was unaware of the extent of her husband's assets.
At the time of the final hearing, the wife was a patient at a psychiatric hospital. Her psychologist, Dr. Appenfeldt, testified that the wife had been previously admitted to a psychiatric hospital in April 1983, just prior to the parties' separation. Dr. Appenfeldt said that the wife was suffering from a "depressive neurosis of severe magnitude" and that she was nonfunctional.
In the final judgment, the court dissolved the marriage and declared the prenuptial agreement void. The court observed that the parties had established a high standard of living; that the wife did not have the assets and income to meet her future needs and the husband was well able to pay. "[D]ue to the conduct of Mr. Simzer in creating the disability of Mrs. Simzer which precludes her from any rehabilitation...", the court ordered the husband to pay $750 per month permanent periodic alimony. In addition, the court ordered him to immediately pay the wife $30,000 as lump sum alimony for support. In a subsequent order, the court awarded the wife $12,000 in attorney's fees. The husband filed this appeal from both the final judgment and the subsequent order awarding fees.
The husband argues that the trial court erred by declaring the prenuptial agreement void. The court found that the agreement was signed a few hours before the marriage and that there had been no disclosure of the husband's assets. The trial judge noted that he had weighed the provisions of the agreement in accordance with the standards set forth in Belcher v. Belcher, 271 So.2d 7 (Fla. 1972) and Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla. 1962), and concluded the agreement was of no force and effect. There is substantial competent evidence to sustain the trial court's finding declaring the agreement void. Therefore, it is our duty to affirm on this point.
The husband further argues that the trial court abused its discretion by awarding the wife $750 per month permanent periodic alimony and $30,000 lump sum alimony. He contends that the court awarded the alimony to punish him and that the record is insufficient to support these awards. Although the marriage was short, there was substantial medical evidence that the wife was nonfunctional. The court made an express finding that the wife could not be rehabilitated and was in *374 need of support. The record reveals that the husband's financial resources were adequate to pay the permanent periodic alimony awarded. There was substantial competent evidence of the wife's need for support and the husband's ability to meet that need; consequently, the award of permanent periodic alimony was within the bounds of the court's discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Of course, the husband can apply to the trial court for a modification in the periodic alimony should an improvement in the wife's condition result in a substantial change of circumstances. § 61.14(1), Fla. Stat. (1985); Canakaris, 382 So.2d at 1202.
We agree with the husband, however, that the trial court erred in awarding lump sum alimony to the wife. Lump sum alimony may be awarded if there exists a justification for such lump sum payment and the other spouse has the ability to pay. See § 61.08, Fla. Stat. (1985); Canakaris, 382 So.2d at 1201. While there was evidence of the wife's continuing need for support including medical care, there was no evidence as to any outstanding debts or estimates of any unusual medical expenses or other expenses to be incurred which would justify a lump sum award in addition to periodic payments required of the husband.[1] Moreover, there is no evidence of the wife having brought assets into the marriage or having assisted the husband in accumulating property. Since the award of lump sum alimony cannot be justified by any particularized need and cannot be upheld as an equitable distribution, the trial court erred in awarding lump sum alimony to the wife. See Canakaris, 382 So.2d at 1197.
We find no merit to the husband's remaining point on appeal from the final judgment of dissolution.
In view of our conclusion that the award of lump sum alimony was erroneous, we think the husband's contention concerning the court's subsequent award of attorney's fees to the wife has merit. As the husband's counsel correctly points out, such fees were based in part on the results obtained in the trial court. With excision of the award of lump sum alimony, the attorney's fees must be revisited.
Accordingly, we direct the trial court to enter a revised final judgment deleting the award of lump sum alimony; otherwise we affirm the final judgment. We vacate the award of attorney's fees and direct the trial court to conduct a new evidentiary hearing for purposes of determining a revised award of attorney's fees for the wife. See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).
Affirmed in part, reversed in part, and remanded for entry of a revised final judgment consistent with this opinion.
CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] Subsequent to the evidentiary hearing, counsel for the wife filed a document entitled Supplement to Closing Argument. The document outlined certain bills incurred for psychiatric care and hospitalization. The husband promptly filed a written objection. Courts disapprove of the practice of submitting unsworn statements of fact in the absence of stipulation between the parties. See, e.g., Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015, 1016-17 (Fla. 4th DCA 1982). Since these matters are not in the form of sworn evidence, we must assume that they were not considered by the trial court and there is no basis for us to consider them.