543 So.2d 460 (1989)
Charles COKONOUGHER, Appellant,
v.
Sandra COKONOUGHER, Appellee.
Nos. 88-00748, 88-01435.
District Court of Appeal of Florida, Second District.
May 26, 1989.
Stephen D. Thompson, P.A., Fort Myers, for appellant.
Peter A. Bell and John M. Hathaway, Punta Gorda, for appellee.
RYDER, Acting Chief Judge.
The final judgment dissolving the parties' marriage contains provisions awarding permanent and rehabilitative alimony to the wife and reserving jurisdiction to determine the amount of an attorney's fee award to be paid by the husband. About two months after the entry of the final judgment, the lower court held the husband in contempt for failure to pay temporary, permanent and rehabilitative alimony due to the wife. The husband challenges the order of contempt and the provision in the final judgment concerning attorney's fees.
The contempt order contains the following adjudicatory provisions:
ORDERED AND ADJUDGED that the Former Husband ... be and is hereby adjudged to be in contempt of this Court for his failure to comply with the terms of the Final Judgment of Dissolution of Marriage ... and that the Former Husband has put himself in this position because of his determination of priorities in making payment of his personal bills *461 ... before meeting his obligation to his Former Wife ... and it is further
ORDERED AND ADJUDGED that the Court finds that the Former Husband is in arrears for alimony due unto the Former Wife, in the amount of Two Thousand Six Hundred Fifty Nine and 32/100 Dollars ($2,659.32) as of the 19th of January, 1988, and the Former Husband is directed to pay said amount unto the Clerk of the Circuit Court in and for Charlotte County, Florida, on or before the elapse of twenty three (23) days from the date of the hearing held in this cause, to-wit: on or before the 11th day of February, 1988; and it is further
ORDERED AND ADJUDGED that if the Former Husband fails to comply with the terms of this Order he shall be found to be in willful contempt of this Court and shall be faced with the perils of incarceration....
The husband argues that the contempt order is deficient because it prospectively orders incarceration for civil contempt absent a specific finding that the husband has the present ability to pay the purge amount. We agree that the order is deficient, and reverse.
In a civil contempt proceeding in which contempt is found, "the trial court must separately find that the contemnor has the present ability to pay the purge amount before incarceration can be imposed to obtain compliance with the court order." Bowen v. Bowen, 471 So.2d 1274, 1280 (Fla. 1985). This requirement is imposed in order to ensure that the contemnor holds the "key to his cell." Id. at 1277. Likewise, a contempt order must be definite and certain so as to apprise the contemnor of how to purge himself of the contempt. Foster v. Foster, 220 So.2d 447 (Fla. 3d DCA 1969); Hilson v. Hilson, 145 So.2d 557 (Fla. 3d DCA 1962). In addition, due process requires that the contemnor be apprised of the nature of his contempt and that he be afforded an opportunity to be heard and defend the allegations levelled against him. Phillips v. Phillips, 502 So.2d 2 (Fla. 4th DCA 1986); Strauser v. Strauser, 303 So.2d 663 (Fla. 4th DCA 1974). Therefore, a contempt order that operates prospectively, by ordering the automatic issuance of a committal order in the event of future noncompliance without requiring an additional hearing, violates due process and is improper. Phillips; Acosta v. Acosta, 409 So.2d 196 (Fla. 3d DCA 1982); Strauser; Hilson.
The contempt order under consideration does not contain a finding that the husband has the present ability to pay the purge amount, as required by Bowen. In our view, the statement that "the Former Husband has put himself in this position because of his determination of priorities in making payment of his personal bills ... before meeting his obligation to his Former Wife" indicates, at best, that the husband had funds available to him in the past with which to discharge his alimony obligation. The order fails to state, however, that the husband has the present ability to pay the purge amount.
In addition, the order is improper because it does not require immediate incarceration, but instead appears to defer incarceration until the expiration of twentythree days from the date of the contempt hearing. It is not clear from the order whether another hearing would be required at that time, or whether a committal order could automatically be issued in the event of noncompliance with the order by the specified date. Nevertheless, a contempt order should contain a definite provision for immediate punishment, the court having no authority to defer the determination of what punishment should be inflicted dependent on future conduct. Hilson at 559. See also Phillips; Acosta; Strauser.
In his other point on appeal, the husband argues that the trial court's award of attorney's fees to the wife constitutes an abuse of discretion. However, since the court merely reserved jurisdiction to make such an award, without determining the amount thereof, the husband has raised the issue prematurely and we lack jurisdiction to review it. Southern Management and Investment Corp. v. Escandar, 529 So.2d 355 (Fla. 3d DCA 1988); Hobbs v. Hobbs, 518 So.2d 439 (Fla. 1st DCA 1988).
*462 Reversed in part and review denied in part.
SCHOONOVER and ALTENBERND, JJ., concur.