561 So.2d 6 (1990)
Julio PRADAS, Appellant,
v.
Angela PRADAS, Appellee.
No. 90-680.
District Court of Appeal of Florida, Third District.
May 1, 1990.
*7 Laurence D. Faye, Coral Gables, for appellant.
Nathaniel Barone, Jr., Coral Gables, for appellee.
Before BASKIN, FERGUSON and GERSTEN, JJ.
PER CURIAM.
Julio Armando Pradas petitions this court for a writ of certiorari to review an order of the trial court finding him in contempt for failing to make support payments to his former wife. The order is appealable as a non-final order after final order pursuant to Fla.R.App.P. 9.130(a)(4); we treat the petition as a timely filed notice of appeal, Thomson, Bohrer, Werth & Razook v. Multi Restaurant Concepts, Inc., 561 So.2d 1192 (Fla. 3d DCA 1990), and brief of appellant. Upon consideration of the brief, response, and reply, we reverse and remand.
An order of contempt for failure to pay support must contain specific findings that either "(1) the petitioner presently has the ability to comply with the order and willfully refuses to do so, or (2) that the petitioner previously had the ability to comply, but divested himself of that ability through his fault or neglect designed to frustrate the intent and purpose of the order." Faircloth v. Faircloth, 339 So.2d 650, 651 (Fla. 1976), receded from on other grounds sub nom., Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985); Hernandez v. Hernandez, 478 So.2d 458 (Fla. 3d DCA 1985); Acosta v. Acosta, 409 So.2d 196 (Fla. 3d DCA 1982). Because the trial court failed to set forth specific findings, we hold that the order of contempt is fatally defective.
Reversed and remanded.