576 So.2d 436 (1991)
William deForest THOMPSON, Appellant,
v.
Tobitha Crofton THOMPSON, Appellee.
No. 90-0477.
District Court of Appeal of Florida, Fourth District.
March 27, 1991.
*437 Joel E. Kirschbaum of Esler & Kirschbaum, P.A., Fort Lauderdale, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Jane Kreusler-Walsh of Klein & Walsh, P.A., and Law Offices of Ronald Sales, P.A., West Palm Beach, for appellee.
PER CURIAM.
We affirm on all issues raised. There was ample evidence, including a substantial equity in the husband's law office building, upon which the trial court could base his finding of present ability to pay on this motion for contempt for failure to pay alimony and support. Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985). Furthermore, we find no error in the court allowing the husband a period of time to purge the contempt, since the trial court specifically provided for a hearing before an order of commitment would be entered. See Hilson v. Hilson, 145 So.2d 557 (Fla. 3d DCA 1962).
We distinguish Cokonougher v. Cokonougher, 543 So.2d 460 (Fla. 2d DCA 1989), wherein the court stated that "a contempt order should contain a definite provision for immediate punishment, the court having no authority to defer the determination of what punishment should be inflicted dependent on future conduct." Id. at 461. In Cokonougher the trial court had not sentenced the recalcitrant husband to jail unless he paid the purge provision but instead had basically only warned him that he "shall be faced with the perils of incarceration." Id. at 461. This may be contrasted with the instant case where the court ordered incarceration unless the purge provisions were met. Coupled with the requirement of a hearing before any commitment might actually issue, in line with Hilson, Phillips v. Phillips, 502 So.2d 2 (Fla. 4th DCA 1986), and Acosta v. Acosta, 409 So.2d 196 (Fla. 3d DCA 1982), we find no error.
LETTS, GUNTHER and WARNER, JJ., concur.