588 So.2d 9 (1991)
Robert PHILLIPS, Appellant,
v.
Brenda C. PHILLIPS, Appellee.
No. 91-00787.
District Court of Appeal of Florida, Second District.
October 9, 1991.
Wayne E. Shipp, St. Petersburg Beach, for appellant.
James C. Wallace, III, of Wallace, Finck, Boake & Colclough, St. Petersburg, for appellee.
PATTERSON, Judge.
In this interlocutory appeal, the husband challenges an order of civil contempt entered in an ongoing dissolution of marriage action. We reverse.
On July 20, 1990, the trial court, after hearing, entered a temporary support order requiring the husband to pay $750 per month to the wife. The husband failed to make the support payments and the wife moved to hold the husband in contempt. *10 On February 13, 1991, the trial court conducted a hearing on the motion, at which the wife testified that the husband was in arrears in the amount of $2,250. The husband did not contest the amount of arrearage. The wife further testified that the husband is in the tile business and, over the course of their twenty-seven year marriage, handled his personal finances in cash. She offered no further specifics or evidence on this issue.
The husband testified that he owns a 1981 Chevrolet pickup truck and tools used in his business, a few minor items of household furnishings, and a bicycle. He further testified that he was earning $1,000 per month, had $11 in cash, and could borrow no more money from his family. This testimony was unrefuted.
John Phillips, the husband's brother, testified that he and the husband were in business together, and that he was the "managing partner" of the business who kept the books and wrote the paychecks. He confirmed the husband's monthly income of $1,000, denied that the company dealt in cash, and denied that he or the husband took cash from the company. The wife offered nothing in rebuttal.
Based on this record the trial court found the husband had the present ability to pay the arrearage, adjudged him in civil contempt, sentenced him to forty-five days in jail subject to purge, and suspended the imposition of the jail sentence for fifteen days. On March 7, 1991, the trial court reduced its determination to a written order, from which this appeal is taken. On March 15, 1991, the court issued an order of commitment.[1]
The law in this area is not complicated. Civil contempt is utilized to obtain compliance with a court order and may only be used when the contemnor has the ability to comply. When an order to pay support is entered and goes unchallenged, a presumption of the ability to pay arises which carries forward. In a subsequent contempt proceeding for nonpayment, it is the obligee's initial burden to establish the existence of the order and that default has occurred. The burden then shifts to the defaulting party "who must dispel the presumption of ability to pay by demonstrating that, due to circumstances beyond his control which intervened since the time the order directing him to pay was entered, he no longer has the ability to meet his support obligations." Bowen v. Bowen, 471 So.2d 1274, 1278-79 (Fla. 1985). Unrebutted, substantial evidence presented by the obligor is sufficient to overcome the presumption. Kossmann v. Kossmann, 550 So.2d 168 (Fla. 2d DCA 1989). Applying these tests to the present case, it is abundantly clear that the trial court's conclusion that on the date of the hearing the appellant had a present ability to pay the amounts in arrears is totally unsupported by the record. The evidence, in fact, is overwhelming to the contrary.
The order of contempt is reversed. The order of commitment is quashed.
Reversed and remanded.
SCHOONOVER, C.J., and LEHAN, J., concur.
NOTES
[1] This order was improperly entered based on an "affidavit of non-compliance" executed by the wife and without notice to the husband. See Scapin v. Scapin, 547 So.2d 1012 (Fla. 1st DCA 1989); Cokonougher v. Cokonougher, 543 So.2d 460 (Fla. 2d DCA 1989); Phillips v. Phillips, 502 So.2d 2 (Fla. 4th DCA 1986); Hoffman v. Hoffman, 497 So.2d 938 (Fla. 1st DCA 1986). Because the operation of the order has been suspended by this timely appeal, we include this note for future reference by the trial court.