PER CURIAM.
A former husband appeals an order finding him in contempt for willfully and deliberately violating an earlier order for temporary support. The contempt order gave the former husband the opportunity to purge himself of the contempt, but ordered that he was otherwise to surrender himself on a day certain to be incarcerated for up to 179 days. We affirm the trial court’s determination of contempt. See Bowen v. Bowen, 471 So.2d 1274 (Fla.1985).
Part of the contempt order, however, is impermissible to the extent that it allows for prospective incarceration without due process protection. Phillips v. Phillips, 502 So.2d 2 (Fla. 4th DCA 1986); Lang v. Lang, 404 So.2d 190 (Fla. 4th DCA 1981). As the order is now worded, the former husband is subject to incarceration without a prior hearing on his ability to purge himself of the contempt. In Thompson v. Thompson, 576 So.2d 436 (Fla. 4th DCA 1991), we held that a contempt order can defer punishment, but only so long as the trial court provides for another hearing before any imprisonment might actually begin. In this order, the trial judge failed to include this indispensable ingredient.
We therefore remand with instructions to enter a new contempt order consistent with this opinion.
WARNER, GARRETT and FARMER, JJ., concur.