ALLEN, Judge.
Veresta Grant appeals the final judgment which dissolved her marriage, distributed the marital assets, and made various awards. We affirm in part, reverse in part, and remand for further proceedings.
The appellant first argues that the court erred in awarding rehabilitative, rather than permanent, alimony. The record in this case reveals neither any previous skills the appellant could redevelop nor the potential for developing new supportive skills. Because the evidence does not indicate that she has the ability to be self supporting or any substantial capacity for rehabilitation, we conclude that the trial court erred in awarding her rehabilitative, rather than permanent, periodic alimony. See, e.g., Lanier v. Lanier, 594 So.2d 809 (Fla. 1st DCA 1992); Akers v. Akers, 582 So.2d 1212 (Fla. 1st DCA), rev. denied, 592 So.2d 679 (Fla.1991); Wolff v. Wolff, 576 So.2d 852 (Fla. 1st DCA 1991); Askegard v. Askegard, 524 *69 So.2d 736 (Fla. 1st DCA), rev. denied, 536 So.2d 243 (Fla.1988). On remand, the trial judge is directed to enter a new order which awards alimony on a permanent, periodic basis.
The appellant next argues that the trial court erred in relieving the appellee of the obligation of paying $1145 in support payments delinquent under the temporary support order. “When an order to pay support is entered and goes unchallenged, a presumption of the ability to pay arises which carries forward.” Phillips v. Phillips, 588 So.2d 9, 10 (Fla. 2d DCA 1991). The appellee never challenged the order or moved for a modification of its terms. At the final hearing, he never attempted to "dispel the presumption of ability to pay by demonstrating that, due to circumstances beyond his control which intervened since the time the order directing him to pay was entered, he no longer had the ability to meet his support obligations.” Bowen v. Bowen, 471 So.2d 1274, 1278-79 (Fla.1985). See also Bingemann v. Bingemann, 551 So.2d 1228, 1233 (Fla. 1st DCA 1989). Although the appellee testified that he had paid some of the bills of the marital home and given his daughter spending money during the pendency of the dissolution proceedings, no findings on the amount or effect that these expenditures had upon the appellee’s obligations to comply with the temporary support order were made. Because extinguishment of the appellant’s claim to support arrearages is not supported by the evidence, we reverse on this issue. On remand, the judge should make a determination of the amount of arrearag-es due and enter an additional judgment accordingly. See Roffe v. Roffe, 404 So.2d 1095, 1097 (Fla. 3d DCA 1981).
The appellant also challenges ■ the court’s division of assets. With the exception of the court’s failure to consider the appellee’s retirement, the court’s division of property is equitable. According to testimony presented below, the appellee’s retirement had not vested, and thus he argues that it was not subject to equitable distribution. However, we have held:
[A]n employee spouse has a contractual interest in a nonvested pension, [and therefore] the nonemployee spouse, through his or her contributions to the marital relationship, is entitled to a proportionate share in such pension.
DeLoach v. DeLoach, 590 So.2d 956, 961 (Fla. 1st DCA 1991). Accordingly, the trial court should have awarded the appellant her proportionate share of the appellee’s retirement. The record contains no evidence regarding the present value of the pension or when the appellee would be entitled to receive benefits. We therefore remand for a determination of these issues and for an appropriate award to the appellant. See DeLoach.
Next, the appellant argues that the trial court awarded an inadequate amount as attorney’s fees. The law is “well established that the trial court must set forth specific findings concerning the hourly rate, the numbers of hours reasonably expended and the appropriateness of reduction or enhancement factors.” Hoffay v. Hoffay, 555 So.2d 1309, 1310 (Fla. 1st DCA 1990). In light of the trial court’s failure to provide such findings, we reverse on this point with directions that the court set forth the basis for the amount of attorney’s fees awarded.
Appellant’s remaining arguments do not demonstrate reversible error. Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
SHIVERS and MINER, JJ., concur.