638 So.2d 581 (1994)
Willie Clyde ECHOLS, Appellant,
v.
Hazel R. ELSWICK F/K/a Hazel R. Echols, Appellee.
No. 93-2510.
District Court of Appeal of Florida, First District.
June 20, 1994.
Mark Evan Frederick, P.A., Destin, for appellant.
Carroll L. McCauley of McCauley & Peters, Panama City, for appellee.
ALLEN, Judge.
The parties appeal and cross-appeal that portion of a final judgment of dissolution of marriage which awards the appellee rehabilitative alimony. The appellant also challenges the award of attorney's fees to the appellee. We reverse the award of rehabilitative alimony, but we remand for the trial court to reconsider the appellee's claim for permanent periodic alimony. We affirm the award of attorney's fees.
The parties were married in February, 1986. Both were widowed from previous marriages and had grown children. They separated in April 1992 when the appellee filed a petition for dissolution in which she sought equitable distribution of the marital assets, permanent periodic alimony and her attorney's fees. The appellant counter-petitioned, also seeking alimony. The parties resolved all issues except the alimony and attorney's fees issues prior to the final hearing. The trial court ordered that the appellee was not entitled to permanent periodic alimony. However, the court awarded appellee $400 monthly rehabilitative alimony until she reaches age 62; she was 59 at the time of the final hearing. The court further awarded the appellee attorney's fees.
The appellant first argues that the trial court erred in awarding rehabilitative alimony, and the appellee argues in her cross-appeal that the trial court should have awarded permanent periodic alimony rather than rehabilitative alimony. The record amply supports the appellee's need for alimony and the appellant's ability to pay alimony where the husband's monthly income was three times the appellee's monthly income of $660. But rehabilitative alimony may not be awarded where there is no evidence that the recipient is seeking to redevelop previous job skills or train for new ones. See Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980); Grant v. Grant, 603 So.2d 68 (Fla. 1st DCA 1992). Because no such evidence was presented in this case, the award of rehabilitative alimony must be reversed.
In denying the appellee permanent periodic alimony the court cited the appellant's *582 poor health and the appellee's entitlement to social security benefits when she retires (which the trial court presumed would be at age 62). In light of the fact that the trial court did not find that the appellant's poor health was a bar to an award of rehabilitative alimony, and in light of the fact that the appellant's income is from retirement benefits and investments rather than his personal labor, the appellant's poor health was clearly not the decisive reason for denying permanent periodic alimony. Furthermore, the fact that the appellee might receive retirement or social security benefits in the future is not a valid reason for denying her permanent periodic alimony. See Shiveley v. Shiveley, 635 So.2d 1021 (Fla. 1st DCA 1994).
The other reason given by the trial court for not awarding permanent periodic alimony was the relatively short duration of the marriage. Although the duration of a marriage is a proper consideration in determining whether to award alimony, six years is not such a short period as to necessarily require a denial of permanent alimony. See Driscoll v. Driscoll, 547 So.2d 1247 (Fla. 4th DCA 1989); see also Simzer v. Simzer, 514 So.2d 372 (Fla. 2d DCA 1987); Volosin v. Volosin, 382 So.2d 733 (Fla. 2d DCA 1980).
We therefore direct the trial court on remand to reconsider the appellee's claim for periodic permanent alimony. Should the trial court award permanent periodic alimony and should the appellee later retire and begin to receive additional benefits, or upon any other showing of changed circumstances, the appellant will have the option of petitioning the court at that time to modify his alimony payments. See § 61.14(1), Fla. Stat. (1991).
We conclude that the trial court did not abuse its discretion in awarding the appellee attorney's fees. We reverse the award of rehabilitative alimony and remand for further proceedings as directed above. The judgment is in all other respects affirmed.
BARFIELD and WOLF, JJ., concur.