640 So.2d 1204 (1994)
Lawrence W. HAYMON, Appellant/Cross-Appellee,
v.
Marilyn W. HAYMON, Appellee/Cross-Appellant.
No. 93-03738.
District Court of Appeal of Florida, Second District.
August 3, 1994.
*1205 Marjorie A. Schmoyer of McArdle & Schmoyer, Sarasota, for appellant/cross-appellee.
Gregg M. Horowitz, Sarasota, for appellee/cross-appellant.
SCHOONOVER, Judge.
The appellant, Lawrence W. Haymon, challenges a final order modifying a final judgment and finding him in contempt of court. The appellee, former wife, Marilyn W. Haymon, has filed a cross-appeal challenging the trial court's action in modifying the appellant's obligations under the original final judgment.
We agree with the appellant's contention that the trial court erred by providing in its contempt order that an arrest warrant would be issued upon an affidavit of nonpayment being submitted to the court and that the appellant would be arrested without any further notice or hearing. We, accordingly, reverse that part of the judgment. We find, however, that the trial court did not abuse its discretion by reducing, instead of suspending or terminating, the appellant's obligation to pay alimony to the appellee, or in determining the amount the appellant must now pay and, therefore, affirm the balance of the trial court's judgment.
The parties to this action were married in 1968 and divorced in 1986. The final judgment of dissolution of marriage incorporated an agreement that the parties had entered into. The agreement, among other things, required the appellant to pay the appellee alimony in the amount of $5,000.00 per month and provided for cost of living adjustments.
In 1992 the appellant filed a petition seeking to modify the final judgment. He alleged that there had been a substantial change of circumstances in his ability to pay alimony and the appellee's need for it. When he filed the petition, he ceased making the payments he was required to make under the terms of the original final judgment. At the conclusion of the proceedings, the trial court found that the appellant had proven a substantial permanent change of circumstances justifying a partial reduction and reduced the alimony the appellant was required to pay to $3,000.00 per month. The trial court also granted the appellee's motion to have the appellant found in contempt of court for failure to pay part of the alimony. The trial court entered a judgment finding the appellant in contempt of court and sentencing him to serve thirty days in the county jail. The jail sentence was stayed for thirty days in order to allow the purge amount of $51,750.00 to be paid prior to and instead of incarceration. The order provided that if the amount was not paid within the grace period, an arrest warrant would be issued upon the court's receipt of an affidavit of nonpayment, and the appellant would be arrested without notice or hearing. This timely appeal and cross-appeal followed.
As mentioned above, we find that the trial court did not abuse its discretion in reducing the alimony the appellant was required to pay to the appellee and in failing to suspend or terminate it while the appellant was suffering from financial problems. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We also find that the trial court did not abuse its discretion in holding the appellant in contempt of court for failing to pay all of the alimony he was required to pay under the final judgment. We, accordingly, affirm those portions of the judgment.
We agree, however, with the appellant's contention that the trial court erred by entering an order that would allow him to be incarcerated without notice or an opportunity to be heard.
In a civil contempt proceeding in which contempt is found, the trial court must separately find that the contemnor has the present ability to pay the purge amount before *1206 incarceration can be imposed. Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985). Although the trial court found that the appellant had the ability to pay the alimony at some time, it did not expressly find that he had the ability to do so at the time of the hearing. This was error. Cokonougher v. Cokonougher, 543 So.2d 460 (Fla. 2d DCA 1989). The order is also improper because it deferred incarceration for thirty days and provided that a committal order would be automatically issued in the event of noncompliance. Cokonougher, 543 So.2d at 461. This type of order could result in the appellant's incarceration without having notice and an opportunity to be heard. Phillips v. Phillips, 502 So.2d 2 (Fla. 4th DCA 1986). Without such notice and opportunity the appellant would not be able to attempt to establish that at the time of incarceration he did not have the present ability to pay.
We, accordingly, reverse and remand for a new hearing concerning the appellant's present ability to pay the amount he has been found to owe to the appellee, but affirm the trial court in all other respects.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and HALL, J., concur.