W. SHARP, Judge,
concurring specially.
Berthold seeks a writ of habeas corpus to review and quash the trial court’s order which denied his motion to vacate a capi-as/order rendered December 9, 1997, and granted the public defender’s motion to withdraw. This petition should be dismissed because it is successive and duplicative of his appeal, and because it is an abuse of procedure.
The capias/order was rendered on December 9, 1997. The public defender, representing Berthold, filed a motion to vacate the order and a motion to withdraw as counsel. The motion argued that Berthold did not receive adequate notice of the contempt hearing and that he provided sufficient financial information to the court, prior to the hearing, to show he did not have the ability to comply with previous court orders requiring payment of child support and arrearages.
The court granted the public defender’s motion to withdraw. See Andrews v. Walton, 428 So.2d 663 (Fla.1983). However, the trial court denied the motion to vacate. The court found that the notice of the contempt proceeding was properly given. It also noted that section 61.14(5)(a), Florida Statutes (1997), creates a presumption of ability to pay based on a previous support order. It concluded Berthold had the burden at the contempt hearing to show he lacked the ability to purge. Berthold failed to carry that burden.
On March 9, 1998, Berthold filed a notice of appeal of the trial court’s order (appeal case no. 98-782). That appeal is still pending in this court. This petition presents the same arguments he currently argues in his appeal: lack of proper notice; and his furnishing of sufficient financial information to establish he lacked the ability to comply with the previous court orders regarding child support.
A contempt order can be reviewed by either an appeal or a habeas corpus proceeding, but not both. See Pradas v. Pradas, 561 So.2d 6 (Fla. 3d DCA 1990) (order of contempt for failure to pay support is ap-pealable). See generally, 11 Fla. Jur.2d, Contempt § 63 (while habeas corpus is an appropriate remedy to review contempt adjudications under some circumstances, it is not the only available remedy, and the rule in Florida is now settled that an appeal will lie from an adjudication of contempt — moreover, review by appeal has been authorized in a case of contempt even where, as a punishment, the contemnor has been ordered confined). Since Berthold filed an appeal first, that is the remedy he elected to pursue. In any event, we could not provide him with a remedy in this habeas proceeding because he failed to furnish us with an adequate *208 record. That problem may also exist with regard to Berthold’s appeal, but that proceeding remains pending in this court and there are procedural mechanisms which can be utilized to produce or provide this court with an adequate record to afford a meaningful appeal.