ERVIN, J.
Five issues have been raised in this appeal and cross-appeal involving a dissolution of marriage. In the direct appeal, appellant, Paula J. Mobley, contends that the trial court erred (1) in awarding her both rehabilitative and permanent, periodic alimony, instead of only permanent alimony; (2) in awarding no more than $250 in permanent alimony; and (3) by requiring appellee, John W. Mobley, IV, to pay only 25 percent of her attorney’s fees and costs. Mr. Mobley raises as issues in his cross-appeal that the trial court erred (4) by failing to award child support to him as the primary residential parent of the parties’ minor son, and (5) by awarding any amount of permanent or rehabilitative alimony to Mrs. Mobley. We agree with Mrs. Mobley that the rehabilitative alimony awarded was improper, because there was no evidence to support it. Consequently, we reverse Issues (1) and (2) in the direct appeal and, in light of our decision on the first two issues, remand for reconsideration of Issue (4) in the cross-appeal. Because our decision necessitates a greater award of permanent alimony, we affirm Issue (3), pertaining to attorney’s fees, and find no reversible error as to Issue (5), regarding the award of permanent alimony.
The parties, who are now 46 and 47 years of age respectively, were married on November 29, 1986, and they have one child who is subject to this litigation, John W. Mobley, who was born on May 18, 1989.[1] Mr. Mobley, who is in good health, has been employed many years as general manager of Centennial Imports, Inc., a Mercedes Volvo car dealership. His combined income from the dealership and a family trust exceeds $72,000.
Mrs. Mobley was not employed outside the home during the marriage. Before their marriage, she had been variously employed as a shoe salesperson in a department store, a waitress, a receptionist, and in a manufacturing plant. Mrs. Mobley testified that her current ability to perform her prior type of employment is seriously hampered due to her poor health. She suffers from high blood pressure, thyroid disease, arthritis, and depression, all of which require medication, and she also takes hormone replacement therapy since *345 she had a hysterectomy. She related that her thyroid disease causes her voice to disappear, neck cramps, and memory problems; she is not, however, considered physically disabled or handicapped.
Prior to the final hearing, the parties agreed to shared parental responsibility, with Mr. Mobley being the primary residential parent of their minor son, and both reside in the marital residence located in Gulf Breeze. The wife has no established residence. Rather, she has spent the months of the parties’ separation residing in her parents’ home in Georgia, and she stays with a friend when she visits her son in Gulf Breeze.
Although Mrs. Mobley’s petition for marital dissolution included a plea for rehabilitative alimony, at the time of the hearing she was primarily seeking permanent alimony. The evidence regarding her employment ability revealed that she has only a high school education and no special skills or expertise and she had no plan for rehabilitation. She was then unemployed and was assisting her mother in caring for her father, who had suffered two strokes. Mr. Mobley offered no counter-evidence relating to her possible employment or earnings.
In the November 1999 final judgment of dissolution of marriage, the trial court equally divided the parties’ assets, which had a net value of $87,800, and required Mr. Mobley to pay Mrs. Mobley $5,600 to achieve this distribution. They were also made tenants in common of the marital home, with Mr. Mobley given exclusive occupancy so long as he resides there with the child and does not remarry. Mrs. Mobley is precluded from partitioning the home until the son attains his majority. Additionally, Mr. Mobley was required to assume the marital debt, consisting of the mortgage and $4,200 owed to Sun Trust Visa. Mrs. Mobley was awarded $1,000 per month in rehabilitative alimony for a period of two years, and $250 per month in permanent, periodic alimony. She was not required to pay child support; Mr. Mobley was directed to pay 25 percent of her attorney’s fees and costs.
As to the issues before us, our standard of review is abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). We conclude that the trial court abused its discretion by awarding rehabilitative alimony, because there was no evidence of a plan of rehabilitation. See Echols v. Elswick, 638 So.2d 581 (Fla. 1st DCA 1994) (rehabilitative alimony may not be awarded when there is no evidence that the recipient is seeking to redevelop previous job skills or train for new ones). See also Collinsworth v. Collinsivorth, 624 So.2d 287 (Fla. 1st DCA 1993); Bissell v. Bissell, 622 So.2d 532 (Fla. 1st DCA 1993); Beasley v. Beasley, 717 So.2d 208 (Fla. 5th DCA 1998). On remand, we direct the trial court to reconsider the factors set forth in section 61.08(2), Florida Statutes (1997), and to enter an order awarding sufficient permanent, periodic alimony to provide for the needs and necessities of life to Mrs. Mobley commensurate with those that have been established during the marriage. See Canakaris, 382 So.2d at 1201-02 (explaining purpose of permanent, periodic alimony). Although we decline to convert the entire combined alimony previously awarded ($1,250) to permanent, periodic alimony, we observe such an amount would fall within the trial court’s discretion. To resolve the issue of the proper amount of permanent alimony which should be allowed, the trial court may, in its discretion, take additional evidence to aid its determination.[2]
Based on our decision regarding the issue of alimony, we remand the cross-appeal issue relating to child support. Once the trial court determines a sufficient *346 amount of permanent alimony for Mrs. Mobley, it may reconsider whether an award of child support to Mr. Mobley is also required.
As for attorney’s fees, the trial court did not abuse its discretion by requiring Mr. Mobley to pay 25 percent of Mrs. Mobley’s attorney’s fees and costs, which total $11,041. Disparity in income is a valid basis for requiring one party to pay for the other’s fees and costs. See Rossi v. Garner, 724 So.2d 603 (Fla. 1st DCA 1998). Nevertheless, when the parties’ marital assets are equally divided and the husband is required to pay a greater amount of marital debt, it is an abuse of discretion to require him to also pay all of the wife’s fees and costs. See Boyett v. Boyett, 683 So.2d 1140 (Fla. 5th DCA 1996). Because the parties’ assets were equally divided and Mr. Mobley was required to pay all of the parties’ marital debt, we affirm the court’s ruling on attorney’s fees and costs.
AFFIRMED in part, REVERSED in part, and REMANDED for further consistent proceedings.
LAWRENCE and PADOVANO, JJ., concur.

. Mrs. Mobley also has a daughter from a prior marriage, whom Mr. Mobley adopted, but she has reached her majority and is not involved in this litigation.

. The trial court’s order appears to justify the awards of permanent and rehabilitative alimony on the basis that this is a short-term marriage, but case law places a marriage of this duration in the "gray” area, where no presumption is placed either way as to an award of permanent alimony. See Zeigler v. Zeigler, 635 So.2d 50 (Fla. 1st DCA 1994).