KELSEY, J.
The order on appeal in this post-dissolution proceeding finds Appellant, the former husband, in contempt for failing to pay alimony. Former Husband does not dispute his failure to pay. He challenges provisions of the order that operate prospectively as automatic findings of future contempt punishable by immediate incarceration without further hearing for any of Husband’s future failures to make the required monthly payments of alimony and arrearages. We conclude that the trial court erred in ordering automatic future contempt and incarceration, and we reverse those provisions of the order. We affirm in all other respects.
The trial court found that Former Husband had the ability to pay alimony and arrearages and had willfully failed to do so (specifically, that the nonpayment was “dilatory and egregious” and his attempts to make excuses were “an insult to all who have heard this case”). The court then imposed the following conditions on Former Husband’s future performance of his obligations (emphasis added):
As punishment for contempt, the Former Husband is sentenced to eleven (11) months and twenty-nine (29) days in the Okaloosa County Jail suspended upon compliance with the remaining terms of this order. To purge himself of contempt, beginning February 1, 2016, and due on the first day of each month thereafter, the Former Husband shall pay the full amount of regular ongoing monthly alimony in the amount of $1,493.00 plus $250.00 to be applied toward the remaining established arrear-age. ALL payments shall be made through the Clerk of Court Central Depository along with the Clerk’s fee.
Upon non-compliance with the terms of Section 4(b) above [alimony obligations and arrearages], the Former Wife shall file an affidavit of non-compliance and contact the Family Law Case Manager at (850) 609-5495. Without further hearing, the suspended sentence shall then be reinstated and the Court shall issue a Writ of Bodily Attachment remanding the Former Husband into the custody of the Okaloosa County Sheriff’s Department to serve his sentence.
*787 While an automatic finding of contempt and immediate incarceration for future nonpayment has efficiency on its side, and is perhaps an understandable reaction given the protracted and contentious history of this litigation and Former Husband’s willful failures to make required payments that Former Wife desperately needs, such an automatic, prospective arrangement fails the due process test. The trial court certainly has discretion to fashion a contempt order sufficient to coerce Former Husband’s compliance with his support obligation. Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla. 1985). However, a court may order incarceration for civil contempt upon intentional violation of a court order only after finding that the contemnor has the 'present ability to purge the contempt and refuses to do so. Id.; see also Pugliese v. Pugliese, 347 So.2d 422, 424 (Fla. 1977) (“[I]t is said that the con-temnor ‘carries the key to his cell in his own pocket.’ ”); Ponder v. Ponder, 438 So.2d 541, 543 (Fla. 1st DCA 1983) (“[I]n every case, present ability to pay the purge amount is a necessary predicate to committing a civil contemnor to jail for failing to comply with the court’s order.”). The trial court’s order deprived Former Husband of his due process right to defend against any future allegations of non-payment by showing either that he had made the payment, or that he is not at that time able to pay through no fault of his own.
We agree with the Fourth District’s analysis in a case directly on point, Hipschman v. Cochran, 683 So.2d 209, 210 (Fla. 4th DCA 1996). The order at issue in Hipschman, like the order now before us, required future payments of alimony, failing which the former wife and her counsel were permitted to file an affidavit of nonpayment that would result in immediate issuance of a writ of bodily attachment and incarceration. 683 So.2d at 210. We agree with our sister court’s conclusion that such an order violates due process requirements, as follows:
It is clear that civil contempt orders may not provide for incarceration based on future, anticipated noncompliance with a court’s periodic support order. Phillips v. Phillips, 502 So.2d 2 (Fla. 4th DCA 1986); Miller v. Miller, 587 So.2d 601 (Fla. 5th DCA 1991). There must be a hearing before incarceration, where a contemnor may challenge the allegation of noncompliance and defend on the ground that he does not have the present ability to pay under Bowen.
Hipschman, 683 So.2d at 211. This analysis and conclusion apply with equal force here.
Accordingly, we AFFIRM the trial court’s finding of contempt, but REVERSE the improper provisions of the contempt order and REMAND to the trial court to fashion a remedy, consistent with due process, sufficient to ensure that the Former Husband complies with his financial obligation.
WINSOR, J., CONCURS; MAKAR, J., CONCURS WITH OPINION.