339 So.2d 1122 (1976)
Richard W. HANKS, Appellant,
v.
L.E. HAMILTON, Jr., et al., Appellees.
No. 75-606.
District Court of Appeal of Florida, Fourth District.
June 18, 1976.
Rehearing Denied December 14, 1976.
Arthur J. Ranson III of Robertson, Williams, Duane & Lewis, Apopka, for appellant.
W. Stewart Gilman, Orlando, for appellees.
THOMAS E. LEE, Associate Judge:
The appellant (plaintiff below) has appealed an adverse ruling in a nonjury trial concerning the commission of a registered real estate broker. Factually, Hi-Acres Groves, Inc., was the owner of approximately 134 acres of land located at the southeast corner of Interstate Highway 4 and State Road 436 in Seminole County. Desiring to sell said property it was placed on the market and appellee, Hamilton Realty, produced a purchaser (L.E. Hamilton, Jr.) with the broker to receive a commission of $134,310.30.
Appellant and appellees agreed in writing that contingent upon the consummation of the sale of said property resulting in the brokers receiving said commission that it would be delivered to a closing agent from which appellant would be paid $44,000.00 for "services rendered". Other agreements were prepared authorizing James K. Byrd, a registered salesman, as cooperating salesman to receive one third of the commission. Said agreements resulted in "fee-splitting" with unregistered people in the real estate profession. This is absolutely unlawful and the establishment of a "fund" out of the commissions earned by a broker appears to be a device to split the fee and circumvent the law. This is the very thing that the law is trying to avoid, sec. 475.41, F.S., and is against public policy. Bradley v. Banks, 260 So.2d 256 (Fla.App. 1972).
*1123 The agreements are important as it raises the question we are to concern ourselves with: Whether or not the appellant, who is not a registered real estate salesman can enforce an agreement made with one who is so registered under Chapter 475.41, F.S., in return for "services rendered" out of a fund created by the said $134,310.30 commission? The appellant had heretofore been paid some $20,000.00 toward the $44,000.00 fee.
Both parties have cited Willner v. Wilder, 280 So.2d 1 (Fla.App. 1973). The cited case is distinguished from the case sub judice in that the cited case deals with a business opportunity whereas the case under consideration concerns the purchase and sale of real property.
The trial judge entered judgment for appellee and appellant seeks a reversal of that judgment.
We affirm. The trial judge sitting as the trier of the facts has the responsibility of determining the weight, credibility and sufficiency of the evidence and these findings are clothed with a presumption of correctness. Benedict v. Dade County Realty, Inc., 274 So.2d 553 (Fla.App. 3rd 1973).
AFFIRMED.
WALDEN, C.J., and ALDERMAN, J., concur.