382 So.2d 733 (1980)
Mildred VOLOSIN, Appellant,
v.
Robert VOLOSIN, Appellee.
No. 79-882.
District Court of Appeal of Florida, Second District.
March 19, 1980.
Rehearing Denied April 29, 1980.
*735 John M. Strickland of Livingston, Patterson & Strickland, P.A., Sarasota, for appellant.
Alan J. Kerben, Tampa, for appellee.
ULMER, RAY E., Jr., Associate Judge.
Mildred Volosin appeals the terms of a final judgment of dissolution alleging in part that the lower court erred in failing to award her permanent alimony. We agree and reverse.
The parties were married in 1973, at a time when appellant was employed in a furniture store. She brought to the marriage a car, some furniture, and $4,000.00 in cash. Between the years 1973 and 1975, appellee worked sporadically as a trucker, and appellant supported both herself and her husband during appellee's periods of unemployment. In 1975, appellee and a partner commenced operation of a truck brokerage firm in the state of South Carolina. In 1976, appellee formed his own truck brokerage firm in which appellant worked. The financial matters with respect to the truck brokerage firm and the parties individually were rather loosely handled in that business and personal funds were co-mingled; and, despite a business gross of up to $47,000.00 in 1978, appellee testified that their actual net income amounted to only $10,000.00. It was also established in the record that the parties owned a 1978 Lincoln automobile and apparently lived rather comfortably in motels and hotels while engaged in the operation of the truck brokerage firm in and among several states.
Appellee occasionally beat appellant while he was under the influence of alcohol. After one such beating in August 1978, appellant left appellee, taking with her approximately $17,000.00 from various business accounts. At the time of the final hearing, appellant listed no income and few assets, with expenses totaling $1,400.00 per month. Appellant testified that she suffered from spinal arthritis and as a result could no longer follow her previous line of work because she could not stand for the long periods of time necessary to fulfill the duties of a sales person. Appellee, at the time of final hearing, was still operating the truck brokerage firm and testified that it was $20,000.00 in debt. Nevertheless, appellee offered no evidence before the trial court to show an inability to make alimony payments.
The trial court ordered that appellant return $6,600.00 of the business funds to appellee, denied a claim by appellant for a special equity in the truck brokerage business, denied permanent alimony, awarded appellant rehabilitative alimony in the amount of $400.00 per month for twelve months, and awarded each party the personal property they then had in their possession.
The factors governing alimony contained in Section 61.08(2), Florida Statutes (1979), control the award made by the trial judge. Those factors include the parties' standard of living, age, and physical condition, financial resources, contributions to the other's career, duration of the marriage, and ability of the parties to find suitable employment. Although the parties apparently enjoyed a rather comfortable living standard during the marriage, and although appellant worked actively during the course of the marriage in appellee's various truck-related businesses, she was at the time of final hearing 61 years of age and in questionable health; she had few financial resources; and, because of her physical condition, she had presented herself as a poor candidate for employment. We are not unmindful of the fact that the marriage of the parties was of a moderate duration, but taking into consideration the totality of the evidence and applying the standards of Section 61.08(2), Florida Statutes (1979), we have concluded that although the five years of marriage would tend to limit the amount of any award of alimony, the duration of a marriage in and *736 of itself does not preclude the trial judge from making an award of permanent, periodic alimony.
The basic considerations for an award of alimony remain the need of one spouse for the funds and the ability of the other spouse to provide same. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We hold that appellant established her need, and by appellee's failure to submit evidence to indicate that he was unable to pay alimony, it must be concluded that he possessed the ability to respond to such an award. Despite the age of appellant, if the evidence disclosed that she reasonably could be expected to become self-supporting, the award of rehabilitative alimony by the trial judge would be approved. Zaugg v. Zaugg, 357 So.2d 201 (Fla. 3d DCA 1978); Jassy v. Jassy, 347 So.2d 478 (Fla. 2d DCA 1977). In this case, however, the wife is in poor health and with no apparent means of support. There is no suggestion of how she might be rehabilitated to become self-supporting. Taking into consideration all of the foregoing, it is the holding of this court that the trial court abused its discretion in failing to award some modest, permanent, periodic alimony. See Gensemer v. Gensemer, 383 So.2d 913 (Fla. 2d DCA 1980). We, therefore, remand with direction for the trial court to direct appellee to make a modest, permanent, periodic alimony payment to appellant. However, since the remedy available to the trial court to apportion assets and to provide support are interrelated and should not be viewed separately, we remand the entire case so the trial court will have an opportunity to consider the imposition of such other remedies as may be necessary to equitably conclude this dissolution proceeding. See Hoch v. Hoch, 380 So.2d 499 (Fla. 2d DCA 1980).
GRIMES, C.J., and BOARDMAN, J., concur.