590 So.2d 557 (1991)
Judith C. LaHUIS, Appellant,
v.
Chester A. LaHUIS, Appellee.
No. 91-1341.
District Court of Appeal of Florida, Third District.
December 24, 1991.
*558 Richard W. Aschenbrenner, Miami, for appellant.
Mallory H. Horton, Miami, for appellee.
Before HUBBART, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, Judith LaHuis (wife), appeals from a final judgment of dissolution of marriage. We affirm in part, reverse in part, and remand.
The parties were married for three and one-half years. The trial court awarded the wife $10,000 which represented an equitable distribution of the increase in the husband's pension plan, and $201 in past due medical bills. The trial court denied the wife's request for alimony and attorney's fees.
Given that this was a short term marriage, and that the wife's earning potential after the marriage was not diminished, we find that the trial court acted within its discretion in denying the wife's request for alimony. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
However, where the parties' financial positions are not the same, and one party has a superior ability to secure and pay for counsel, the court should award attorney's fees to the disadvantaged party. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Locke v. Locke, 413 So.2d 431 (Fla. 3d DCA 1982).
In this case, because the husband's financial position (net worth of $800,000) was substantially superior to that of the wife's, the trial court should have awarded the wife attorney's fees. Accordingly, we affirm the trial court's judgment except for the denial of attorney's fees.
Affirmed in part, reversed in part, and remanded.