650 So.2d 190 (1995)
Leon C. EMBRY, Appellant,
v.
Debra R. EMBRY, Appellee.
No. 94-00039.
District Court of Appeal of Florida, Second District.
February 10, 1995.
*191 Carol C. Murphy, Lakeland, for appellant.
C. Ray McDaniel, Bartow, for appellee.
QUINCE, Judge.
Leon Embry appeals the trial court's award of the home, in which the parties lived during this almost ten-year marriage, to the wife. We reverse since the trial court made no findings of fact to support such an award.
The record in this case consists only of the pleadings filed in the trial court, the final judgment, and the second amended statement of the facts agreed on by the parties and approved by the court. This second amended statement of the facts indicated, inter alia, that the former marital home is valued between $40,000 and $60,000, with a mortgage of $6,000. This home was owned by appellant and a prior spouse, and appellant was awarded the house in a previous divorce. The appellant has a retirement plan at his place of employment, IMC, where he has been employed since 1976. The appellee, Debra Embry, has no vested retirement but has worked at the Polk County Sheriff's Office for six years. The parties have four minor children, and appellant is in arrears in child support in the amount of $2,500.
In the final judgment of dissolution the court found appellee has an interest in appellant's retirement plan, an interest in the marital home and is entitled to a contribution toward attorney's fees and costs. The marital home was awarded to the appellee as equitable distribution and in lieu of the child support arrearage, interest in the appellant's retirement, and contribution toward fees and costs. This award of the marital home must be reversed because there are no findings of fact demonstrating it is a marital asset subject to equitable distribution. Additionally, the trial court did not make any findings concerning the value of the attorney's fee contribution or appellee's interest in appellant's retirement plan.
Section 61.075, Florida Statutes (1991), requires the trial court to set apart to each spouse his/her nonmarital assets and liabilities before making an equitable distribution of the marital assets. This involves an identification of what items are marital and nonmarital assets and liabilities. The marital assets are then subject to equitable distribution. Robertson v. Robertson, 593 So.2d 491 (Fla. 1991). The trial court in this instance did not make such identification.
While the judge stated the marital home is owned by appellant in his own name, no other findings of fact regarding this asset were made. There was no marital/nonmarital designation made for either all or a portion of the marital home, nor did the court find enhancement in value of a nonmarital asset. The failure to so designate makes it impossible to review the fairness of the court's one-sided distribution. Cortez v. Cortez, 625 So.2d 965 (Fla. 5th DCA 1993); Nash v. Nash, 624 So.2d 370 (Fla. 3d DCA 1993). Only that portion of the marital home designated as a marital asset, whether through *192 enhancement or otherwise, can be equitably distributed.
The trial court attempted to justify the award of the home to appellee as payment in lieu of the child support arrearage, her share of appellant's pension, and his contribution toward her attorney's fees. The record indicates the child support arrearage is $2,500. However, there are no findings as to the value of the other items. The equity in the home is between $34,000 and $54,000. This court cannot determine based on this record if the equities of this case support the award made to the appellee.
The lack of findings by the trial court requires reversal of this distribution scheme. Lavelle v. Lavelle, 634 So.2d 1111 (Fla. 2d DCA 1994); Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992). We remand to the trial court for the proper findings to support the award or for redistribution after further testimony.
RYDER, A.C.J., and CAMPBELL, J., concur.