662 So.2d 756 (1995)
L. Peter LAGSTROM, Appellant,
v.
Robin LAGSTROM, Appellee.
No. 94-2933.
District Court of Appeal of Florida, Fourth District.
November 15, 1995.
*757 August Frank La Rocco and Tracy Newmark of Fixel & La Rocco, Hollywood, for appellant.
Caryn S. Grainer of Caryn S. Grainer, P.A., Hollywood, for appellee.
PER CURIAM.
In this appeal, the former husband challenges a final judgment of dissolution contending that the trial court erred in awarding to his former wife the entire marital estate, all of wife's attorney's fees and permanent periodic alimony, which is secured by a permanent injunction against husband's use of his pension. We affirm the award to the wife of permanent alimony and the injunction to secure payment of same, as well as the award of attorney's fees. We reverse only as to the issue of equitable distribution of the marital estate as set forth below.
This short term, five and one-half year marriage produced no children. At the time of dissolution, the husband was sixty-four years old and retired. The wife was forty-eight years old and suffered from a depressive state, which rendered her nonfunctional. Two psychologists testified that the wife has no ability to be self-supporting at the present time. Husband has an income consisting of a pension payment of $900.00 per month and social security benefits of $818.00 per month. The trial court awarded the wife $670.00 per month as permanent periodic alimony to be deducted from the husband's pension account. The court also ordered an injunction against the pension preventing the husband from dissipating the assets therein. Finding no abuse of discretion, we affirm the award of permanent periodic alimony. Simzer v. Simzer, 514 So.2d 372 (Fla. 2d DCA 1987); Volosin v. Volosin, 382 So.2d 733 (Fla. 2d DCA 1980); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We also affirm the injunction against the husband's pension, which secures his payment of alimony to wife. See Sandstrom v. Sandstrom, 565 So.2d 914 (Fla. 4th DCA 1990); § 61.11, Fla. Stat. (1993); § 61.08(3), Fla. Stat. (1993).
As to the award of wife's attorney's fees, we find no abuse of discretion and therefore affirm. Canakaris.
We reverse the equitable distribution of property because the court failed to follow the statutory requirements. Section 61.075(3), Florida Statutes (1993), requires the trial court to set apart to each spouse his or her nonmarital assets and liabilities before making an equitable distribution of the marital assets. See, e.g., Embry v. Embry, 650 So.2d 190 (Fla. 2d DCA 1995). This requires the trial court to identify what items are marital and nonmarital assets and liabilities. The marital assets are then subject to equitable distribution. Id. at 191. The trial court did not make such an identification as to each asset including the main asset, which is the marital home. The marital home consists of a mobile home and lot that the trial court valued between $34,000 and $35,000 and awarded exclusively to the wife thus giving her a disproportionate share of the marital assets. The failure to designate each asset makes it impossible to review the fairness of the court's one-sided distribution and requires reversal of this equitable distribution scheme.
The starting point in equitably distributing marital assets is an even division of such assets unless the trial court expresses justifications for an unequal division. The trial court must express a justification for an unequal division which comports with reason and logic. Shepard v. Shepard, 584 So.2d 1123 *758 (Fla. 4th DCA 1991). In the instant case, the trial court articulated no reason for the disproportionate award to the wife. We therefore reverse the equitable distribution of the marital estate on this ground as well. On remand, the trial court is instructed to express its justification if it determines that an unequal award is warranted under the facts of this case.[1]
Affirmed in part; reversed in part and remanded for treatment consistent with this opinion.
GLICKSTEIN, WARNER and SHAHOOD, JJ., concur.
NOTES
[1] We note that at trial, the wife had requested that she be permitted to stay in the home as if she were awarded a life estate in the husband's interest in the home. If the court were concerned with providing for the wife, this may be one method. See Lange v. Lange, 357 So.2d 1035 (Fla. 4th DCA 1978), cert. denied, 380 So.2d 1027 (Fla. 1980) (special circumstance of wife's mental illness held to justify exclusive award). An award of exclusive use of property must be determined by the equity of the cause and the final judgment must reflect on its face the reasons for the award and specify a time period for the award. See Sugrim v. Sugrim, 649 So.2d 936 (Fla. 5th DCA 1995). Such an award is always subject to modification whenever there is a change of circumstances. Id. at 937.