704 So.2d 204 (1998)
Carol SMILEY, as personal representative, etc., Appellant,
v.
GREYHOUND LINES, INC., etc., et al., Appellees.
No. 97-465.
District Court of Appeal of Florida, Fifth District.
January 9, 1998.
H. Robert Dowd, Atlamonte Springs, for Appellant.
Dennis J. Hightower, Accident Attorneys Association of Hightower and Doane, Orlando and Stephen T. Ball of Maguire, Voorhis & Wells, P.A., Orlando, for Appellees Greyhound Lines, Inc. and Cleveland A. Brown.
PETERSON, Judge.
Carol Smiley appeals a final judgment granting Greyhound Lines, Inc.'s (Greyhound) *205 motion to enforce a settlement agreement and her former attorney's motion to enforce a charging lien on the settlement proceeds.
Smiley, as the personal representative of the estate of her daughter, Tamara Leeks, obtained the legal services of Dennis Hightower to pursue a wrongful death claim against Greyhound and its driver for the allegedly negligent operation of a Greyhound bus that resulted in her daughter's death. Almost two years later, Smiley discharged Hightower and the latter filed a charging lien for his fees. Hightower alleged that he accepted an offer of settlement of $145,000 from Greyhound with Smiley's authorization.
Greyhound filed a motion to approve the settlement and for sanctions against Smiley for breaching the terms of the settlement. Greyhound alleged that settlement was reached after counsel for Smiley had assured it that he had his client's full authority to settle the case. When Greyhound learned that Smiley refused to sign a release and had discharged Hightower, it asked the court to enforce the settlement and assess reasonable attorney's fees against Smiley as a sanction.
The trial court conducted a full evidentiary hearing to determine Hightower's authority to settle Smiley's claim, and in detailed findings of fact, found against Smiley.
The findings of the trial court, as the trier of fact, come to this court clothed with a presumption of correctness, and where there is substantial competent evidence to sustain the actions of the trial court, the appellate court cannot substitute its opinion on the evidence but rather must indulge every fact and inference in support of the trial court's judgment, which is the equivalent of a jury verdict. See Lonergan v. Estate of Budahazi, 669 So.2d 1062 (Fla. 5th DCA 1996) (the findings of the trial court are to be presumed to be correct and are to be given the same weight as a jury verdict); Hanks v. Hamilton, 339 So.2d 1122 (Fla. 4th DCA 1976) (the trial judge sitting as the trier of the facts has the responsibility of determining the weight, credibility and sufficiency of the evidence, and these findings are clothed with a presumption of correctness), cert. denied, 352 So.2d 171 (Fla.1977); Hertz International, Ltd. v. Richardson, 317 So.2d 824 (Fla. 3d DCA 1975) (in reviewing the sufficiency of the evidence to support a conclusion of law and fact, the District Court of Appeal must accept the evidence in the light most favorable to the trial court's decision), cert. denied, 330 So.2d 18 (Fla.1976); Mesick v. Loeser, 311 So.2d 132 (Fla. 2d DCA 1975) (findings by lower court as trier of fact come to District Court of Appeal clothed with heavy presumption of correctness and where there is substantial competent evidence to sustain actions of trial court, District Court of Appeal cannot substitute its opinion on evidence but must indulge every fact and inference in support of judgment, which is equivalent of jury verdict), cert. denied, 328 So.2d 843 (Fla.1976). Because it is the trial court who has the first-hand opportunity to hear and observe the witnesses as they testify, the trial court is in a superior position to weigh the evidence and credibility of the witnesses. Accordingly, it is not the function of an appellate court to substitute its judgment for that of the trial court unless there is a lack of competent substantial evidence to support the findings upon which a final judgment is based. Lonergan at 1063; see also Jordan v. Boisvert, 632 So.2d 254 (Fla. 1st DCA 1994) (trial court's judgments are entitled to presumption of correctness, particularly where evidence is conflicting and there is substantial evidence to support trial court's findings and conclusion, and such findings will not be disturbed in absence of clear showing that trial court committed error or evidence demonstrates judge's conclusions were clearly erroneous); Liberty Mut. Ins. Co. v. Furman, 341 So.2d 1056 (Fla. 3d DCA 1977) (findings rendered on conflicting evidence by a trial judge come to appellate court clothed with presumption of correctness, and absent a showing that they are clearly erroneous, will not be disturbed on appeal); Jeffreys v. Simpson, 222 So.2d 224 (Fla. 1st DCA 1969) (judgment based on trial judge's evaluation of conflicting evidence and his determination of credibility of witnesses is clothed with a presumption of correctness and may not be disturbed on appeal except by clear showing that it is unsupported by competent and substantial evidence or otherwise *206 constitutes an abuse of discretion). The trial court's findings that Smiley gave her former attorney Hightower clear and unequivocal authority to settle her wrongful death claim is supported by substantial competent evidence and we affirm those findings.
Smiley also argues that Greyhound was not entitled to enforcement and approval of the settlement because Greyhound failed to meet the required burden of proof. She claims that although Hightower presented witnesses for direct and cross examination, Greyhound did not. It is undisputed that the party or parties seeking a judgment on compromise and settlement has the burden of establishing assent by the opposing party. Cross-Aero Corp. v. Cross-Aero Service Corp., 326 So.2d 249, 250 (Fla. 3d DCA 1976). Here, both Hightower and Greyhound had an equal interest in enforcing the settlement agreement. Hightower and Greyhound had an identical factual and legal issue: whether Hightower had clear and unequivocal authority to settle. In a consolidated hearing such as this, with identical legal and factual issues common to all parties, nothing can be gained by recalling witnesses to repeat identical testimony. The final judgment enforcing the settlement and charging lien and dismissing the original action against Greyhound and its driver is affirmed.
AFFIRMED.
GOSHORN and THOMPSON, JJ., concur.