779 So.2d 311 (1999)
Cicero CARR, Jr., Appellant,
v.
Rosa Lee CARR, Appellee.
No. 98-00607.
District Court of Appeal of Florida, Second District.
September 3, 1999.
Michael P. McDaniel of C. Ray McDaniel, P.A., Bartow, for Appellant.
No appearance for Appellee.
GREEN, Judge.
The former husband, Cicero Carr, Jr., appeals the final judgment of dissolution of marriage. We reverse because the trial court failed to include in the final judgment specific findings of fact which are required by statute.
The final judgment in this case lacked specific findings of fact justifying the apparently unequal distribution of assets and liabilities. In addition, the trial court did not identify all the parties' significant assets *312 and liabilities as marital or nonmarital. Some of the assets were not included in the final judgment. Finally, the court awarded alimony to the former wife, Rosa Lee Carr, without making findings of fact. This too was error.
Section 61.075, Florida Statutes (1997), requires the trial court to make certain specific findings of fact. Among those is a specific finding of fact justifying an unequal distribution of assets and liabilities. See Harreld v. Harreld, 682 So.2d 635 (Fla. 2d DCA 1996). In the instant case, the marital home appears to be the major asset of the parties. The court awarded the marital home to the former wife without making a specific finding of fact justifying this unequal distribution. This was error. See Harreld, 682 So.2d at 637; Lagstrom v. Lagstrom, 662 So.2d 756 (Fla. 4th DCA 1995).
In the final judgment of dissolution of marriage, the court identified only the parties' home and some tools and guns as marital assets. None of the liabilities were identified as marital or nonmarital. The trial court is required by section 61.075(3) to identify assets and liabilities as marital or nonmarital. See Lagstrom, 662 So.2d at 757.
Our review of the record indicates that some assets were not mentioned in the final judgment and one asset which was awarded to the former wife does not exist. The final judgment awards to the wife possession of a 1991 Oldsmobile. The transcript of the final hearing, however, indicates that prior to the hearing the former wife sold the 1991 Oldsmobile and purchased, with financial help from her father, a 1994 Chevrolet Lumina. The transcript of the hearing also indicates that the wife has a life insurance policy with a cash surrender value of $5,000. This asset was not mentioned in the final judgment. Upon remand, the trial court should follow the requirements of section 61.075 by making specific findings, identifying all of the assets and liabilities, and assigning individual valuation to all significant assets.
The final judgment directs the former husband to maintain life insurance policies with his employer for the benefit of his former wife. The record, however, indicates that there was insufficient evidence to support this finding. The court upon remand should direct the parties to present such additional evidence as it may require to make an informed decision concerning any life insurance of the former husband. See Wetzel v. Wetzel, 671 So.2d 234 (Fla. 1st DCA 1996).
The trial court erred by failing to make the required findings to support the award of alimony to the former wife. Section 61.08(1), Florida Statutes (1997), requires such findings to be made after consideration of all relevant factors. See Sasnett v. Sasnett, 679 So.2d 1265 (Fla. 2d DCA 1996). Upon remand, the trial court is directed to make the statutorily required findings as to any award of alimony.
Reversed and remanded.
PARKER, A.C.J., and HAYES, HUGH D., Associate Judge, Concur.