ON MOTION FOR REHEARING
WARNER, C.J.
We withdraw our previously issued opinion and substitute the following in its place.
The appellants, George and Irene Sere-dy, sued the appellee estate for monies that were allegedly due to them from an unpaid loan and for payment of funeral expenses of the deceased, Ted Molnar, as well as his wife, Klara, who predeceased Ted. After hearing the testimony of appellants, the trial court denied both of their claims.
The findings of the trial court, as the trier of fact, come to this court clothed with a presumption of correctness, and where there is substantial competent evidence to sustain the actions of the trial court, the appellate court cannot substitute its opinion on the evidence but rather must indulge every fact and inference in support of the trial court’s judgment, which is the equivalent of a jury verdict.
Smiley v. Greyhound Lines, Inc., 704 So.2d 204, 205 (Fla. 5th DCA 1998) (citation omitted).
While appellant George Seredy claimed he was entitled to $15,000 from Ted Molnar’s estate for expenses incurred in Klara Molnar’s funeral, the record contains a statement of claim by George Sere-dy, as personal representative of Klara Molnar’s estate, that he also sought reimbursement of funeral expenses in the amount of $7,000 from her estate, not Ted’s. Although appellant testified that he also paid for Ted Molnar’s funeral, no testimony or evidence established how much these expenses were, or whether he filed a statement of claim in Ted’s estate for such expenses. On such evidence, the trial court could conclude that there was a failure of proof.
*1128 We also affirm as to the claim on the loan, which the evidence showed Was not executed by Ted Molnar. In addition, there was evidence presented that the loan had been satisfied and that it was being used to avoid certain tax consequences. The trial court refused to recognize it as valid. On this record, there is no error presented.
Affirmed.
STONE and STEVENSON, JJ., concur.