752 So.2d 110 (2000)
Serenna Ann BEASLEY, Appellant,
v.
George C. BEASLEY, Jr., Appellee.
No. 5D99-2327.
District Court of Appeal of Florida, Fifth District.
March 3, 2000.
*111 David H. Jacoby, Palm Bay, for Appellant.
James R. Dressler, Cocoa Beach, for Appellee.
THOMPSON, J.
Serena Ann Beasley ("the former wife") appeals an order which awarded her $1,100 per month permanent periodic alimony. The trial court made this award after remand from this court with instructions that "the court should award an amount of permanent periodic alimony supported by record evidence and specific factual findings." Beasley v. Beasley, 717 So 2d 208, 209 (Fla. 5th DCA 1998). We affirm because the order complies with the mandate from this court.
In Beasley, George C. Beasley, Jr. ("the former husband") appealed the final judgment of dissolution of his marriage. Although he raised several points on appeal, the most significant issue was the award to the former wife of $2,000 per month permanent periodic alimony. We held that the record did not support the ordered alimony. We wrote in Beasley, 717 So.2d at 209:
Appellant [former husband] contends that the court's award of $2000 per month in permanent periodic alimony is not supported by findings as to need and ability to pay or the other factors outlined in subsection 61.08(2), Florida Statutes. Appellant is correct that although the order makes some of the statutory findings, it does not explain how the court arrived at the $2000 amount or how it reconciled the parties' claimed expenses with the evidence of Appellant's ability to pay. The order contradictorily refers to Appellant's "ample income" while also noting that the parties' lifestyle cannot be sustained by Appellant's income. Hence, although we agree that an award of permanent periodic alimony is proper in this case, we remand for specific findings and an award of an amount supported by the evidence.
We remanded the case and the parties agreed to have the new judge review the record and enter an order without the necessity of taking additional testimony. After reviewing the transcript, the trial court entered an order on remand setting out findings of facts to fulfill this court's mandate and to justify his finding that $1100 permanent periodic alimony was appropriate. The former wife does not contend on appeal that the trial court failed to set out the necessary findings of fact pursuant to section 61.08(2), Florida Statutes (1997). Nor does she contend that the trial court failed to comply with this court's earlier mandate. Rather, she argues that the award leaves her with a "bare necessities" lifestyle that does not reflect the parties' standard of living during the marriage. Although she admits *112 that the trial court has broad discretionary authority to do equity between the parties, she asserts that neither spouse should pass from prosperity to misfortune, and that is what happened to her; she was shortchanged by the trial court.
The only issue for our consideration is whether the trial court abused its discretion when it entered the order. In Canakaris, 382 So.2d 1197 (Fla.1980), the Florida Supreme Court described the role of the appellate court in reviewing a discretionary act of a lower court:
In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the "reasonableness" test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when this decision fails to satisfy this test of reasonableness.
Canakaris, 382 So.2d at 1203. In this case, there has been no showing that the trial court abused its discretion. Upon remand, the trial court entered written reasons to support its decision as required by section 61.08(2) and this court's ruling in KennedyKennedy, 622 So.2d 1033, 1035 (Fla. 5th DCA 1993), rev. dismissed, 641 So.2d 408 (Fla.1994) (holding that findings of facts must accompany any alimony decision). The former wife does not disagree with the findings, but with the result. Disagreement without more is not a basis for reversal. It only serves to demonstrate that reasonable persons could differ.
AFFIRMED.
GRIFFIN, J., and ORFINGER, M., Senior Judge, concur.