763 So.2d 447 (2000)
Pedro M. GALLINAR, Appellant,
v.
Silvia GALLINAR, Appellee.
Nos. 3D99-1128, 3D98-2397.
District Court of Appeal of Florida, Third District.
June 14, 2000.
Rehearing Denied August 9, 2000.
*448 Pedro M. Gallinar, in proper person.
Patterson & Sweeny and John H. Patterson, Miami, for appellee.
Before JORGENSON, GODERICH, and RAMIREZ, JJ.
PER CURIAM.
Pedro Gallinar appeals a final judgment of dissolution of marriage claiming error in the award of permanent alimony, the equitable distribution and the award of attorney's fees and costs. For the reasons which follow, we reverse.
*449 Pedro and Silvia Gallinar were married on June 14, 1994. They have one child, Roberto, who was born on October 1, 1995. The Gallinars separated in March 1997, and this dissolution action commenced. The trial court rendered a Final Judgment of Dissolution of Marriage on August 31, 1998.
Permanent Alimony
Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties. The two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds. The criteria to be used in establishing this need include the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties' estates.
Canakaris v. Canakaris, 382 So.2d 1197, 1201-02 (Fla.1980). See also § 61.08, Fla. Stat. (1997). Courts have generally denied alimony in cases involving short-term marriages. See, e.g., Castillo v. Castillo, 626 So.2d 1035 (Fla. 3d DCA 1993) (no alimony for 37-year-old after five-year marriage); Kremer v. Kremer, 595 So.2d 214 (Fla. 2d DCA 1992) (no permanent alimony for 36-year-old after six-year marriage); LaHuis v. LaHuis, 590 So.2d 557 (Fla. 3d DCA 1991) (no alimony following three and a half-year marriage). However, the shortness of a marriage does not preclude an award of permanent alimony. See Volosin v. Volosin, 382 So.2d 733, 736 (Fla. 2d DCA 1980).
This marriage lasted two years and eight months. The husband is thirty-nine and is a certified public accountant/property manager currently in practice by himself. The wife is thirty-eight and unemployed. The wife holds a college degree and worked as a teacher for five years prior to the marriage. The wife's expert, a psychiatrist, testified that the wife's psychiatric history began 14 years ago in college with depression and that her condition recurred on the birth of the child. The psychiatrist also testified that the wife would probably not be able to maintain gainful employment again during her lifetime. Thus, the wife has demonstrated a need for permanent alimony.
The husband's ability to pay now, however, is limited. While a lower court may base an alimony award on past earnings and may consider the parties' standard of living during the marriage to determine a spouse's ability to pay, Thilem v. Thilem, 662 So.2d 1314, 1316 (Fla. 3d DCA 1995), it appears from the record that the parties were not able to maintain the standard of living enjoyed at the beginning of their relationship. The husband was unable to pay mortgage payments on the marital home, which was on the verge of foreclosure, and the parties depleted one of the mutual funds to cover their living expenses.
Under the present circumstances, we hold that the award to the wife of $250 a week alimony was an abuse of discretion. The alimony award was outside the parameters of reasonableness based on the duration of the marriage, the husband's earning ability, and the standard of living enjoyed by the parties, and the totality of the parties' respective financial circumstances. The parties' marriage was short-lived, and a modest standard of living was not established. We direct the trial court to reduce the alimony award to insure the husband's economic survival. The trial court should reserve jurisdiction to adjust any award if the husband's financial circumstances change.

Equitable Distribution
The husband next challenges the distribution of assets. He claims that because he purchased the marital home with his pre-marital assets that he should have received a special equity in the home. Section 61.075(5)(a)5, Florida Statutes *450 (1997), creates a presumption that any real property held as a tenancy by the entireties regardless if acquired prior to the marriage is a marital asset. However, if one spouse shows that non-marital contributions to a marital asset were not intended as a gift, then that spouse may be awarded a special equity in the asset. See Landay v. Landay, 429 So.2d 1197 (Fla. 1983).
The husband has shown that he supplied a considerable amount of equity for the down payment on the marital home from pre-marital assets. However, he has not presented any evidence to rebut the presumption that the contributions were a gift. Therefore, the husband is not entitled to a special equity in the property. See Hill v. Hill, 675 So.2d 168 (Fla. 5th DCA 1996) (husband met burden of entitlement to special equity when wife admitted that the husband placed the property in both names for survivorship purposes only).

Attorney's Fees
The trial court separately ordered the husband to pay all of the wife's attorney's fees, totaling $67,300. The husband contends that this amount is unreasonable considering the shortness of the marriage and the relatively insubstantial marital assets. Section 61.16, Florida Statutes (1997), grants discretion to the trial court to award reasonable attorney's fees to a party after consideration of the financial resources of both parties. A review of the record does not show any abuse of the trial court's discretion on this issue. Therefore, we affirm the award of attorney's fees.

Child Support
Finally, the husband was awarded primary residential custody but no child support. He claims error in the trial court's failure to impute income to the wife based on her alimony and disability income. See § 61.30(2)(a)4, 9, Fla. Stat. (1997)(income includes disability benefits and spousal support ordered in the marriage before the court). This argument must fail. The husband neglected to plead any request for child support. Additionally, the Primary Residence, Parental Responsibility and Contact Agreement between the parties does not include any reference to child support. The husband also has not provided any record support that the wife is getting disability income. However, the trial court should retain jurisdiction to address the issue of the wife's obligation to pay child support if her financial circumstances change.
For the above reasons, we reverse the amount of permanent alimony and remand for a reduction in the award of permanent alimony. Because we find no abuse of discretion in the trial court's order, we affirm the distribution of assets and award of attorney's fees.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.