SILBERMAN, MORRIS, Associate Judge.
George D. O’Neill, Jr., appeals the order denying his motion for disqualification of Nancy S. Palmer as guardian ad litem (GAL). Mr. O’Neill also appeals the orders directing him to pay Ms. Palmer’s fees and costs as GAL, and he appeals the trial court’s failure to order Ms. Palmer to reimburse him for that portion of her attorneys’ fees that he had previously paid. Ms. Palmer cross-appeals the order denying her motions to compel Mr. O’Neill’s payment of additional attorneys’ fees incurred by her. We affirm as to the issues raised by Mr. O’Neill, and we reverse the denial of Ms. Palmer’s motions to compel payment.
This dissolution and custody case was highly contentious. Early in the case the O’Neills, through counsel, stipulated to entry of an order appointing Ms. Palmer as GAL for their children. While the O’Neills ultimately settled their differences, the settlement did not resolve the issues now before this court.
Approximately four months after Ms. Palmer was appointed, Mr. O’Neill filed a motion seeking her disqualification as GAL. He claimed that Ms. Palmer was no longer impartial and that she was biased in favor of Ms. O’Neill.
A two-day evidentiary hearing was held on the motion for disqualification. The trial court entered a detailed order addressing the evidence and the legal arguments of the parties. In its order, the trial court noted the emotional and high conflict situations often encountered by GALs, and the trial court recognized that it was questionable whether any GAL could ever meet both parties’ expectations in a hotly contested matter. The trial court stated that to disqualify an agreed-upon guardian, “the facts must be egregious, and the burden heavy. To do otherwise would invite any litigant who anticipates even a mildly unfavorable report by a guardian to seek the guardian’s removal.” In denying the motion for disqualification, the trial court found that “the overall weight of the evidence does not establish any bias or prejudice on the part of the guardian ad litem, and does not justify her disqualification and removal from the case.”
Mr. O’Neill argues that the trial court applied the wrong legal standard and erred by denying the motion for disqualification. We disagree.
In its order denying disqualification, the trial court pointed out that no Florida case directly addresses the situation presented in this case. Even though the trial court ultimately concluded that Mr. O’Neill did not establish bias or prejudice on the part of Ms. Palmer, the trial court discussed a Wisconsin case, Woodman v. Woodman, No. 81-1593, 1982 WL 172267, at *1, 108 Wis.2d 773, 324 N.W.2d 297 (Wis.Ct.App. June 25, 1982) (unpublished opinion).
In Woodman, the parties stipulated to the appointment of a guardian ad litem. Id. at *2. After the guardian recommended that the husband be awarded custody of the children, the wife sought to remove the guardian asserting that the guardian was prejudiced. Id. at *1. The court noted that the stipulation for appointment of the guardian “constitutes a mutual expression of confidence in the integrity of the appointee and puts a heavy burden on the party later claiming that the guardian ad litem was prejudiced.” Id. at *2.
Here, the trial court commented that given an appropriate set of egregious facts disqualification would be possible, but a heavy burden would be on the party seeking disqualification of a GAL. Apart from its statement as to what may be required in order for a party to obtain disqualifica *451 tion of a GAL, the trial court concluded that the evidence did not demonstrate a basis for disqualification of Ms. Palmer.
Our review of the record leads to the conclusion that the trial court did not abuse its discretion in denying Mr. O’Neill’s motion for disqualification. As noted in Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980), if reasonable persons could differ as to the propriety of the trial court’s action, then the action is not unreasonable and there can be no finding of an abuse of discretion. See also Beasley v. Beasley, 752 So.2d 110, 112 (Fla. 5th DCA 2000).
Because the trial court served as the fact finder during the evidentiary hearing on the motion for disqualification, its findings come to this court clothed with a presumption of correctness. See Smiley v. Greyhound Lines, Inc., 704 So.2d 204, 205 (Fla. 5th DCA 1998). When the record reflects substantial competent evidence to sustain the decision of the trial court, an appellate court cannot substitute its opinion as to the evidence for that of the trial court. Id.
The trial court’s finding that Mr. O’Neill did not establish bias or prejudice on the part of the GAL is supported by the evidence. We also conclude that the trial court did not apply an incorrect legal standard and that the other arguments concerning disqualification made by Mr. O’Neill do not support reversal. We therefore affirm the denial of Mr. O’Neill’s motion for disqualification of Ms. Palmer.
Mr. O’Neill also argues that the trial court erred in ordering him to pay GAL fees and costs, and attorneys’ fees, to Ms. Palmer. Ms. Palmer argues that the trial court correctly ordered payments from Mr. O’Neill but erred in denying her third and fourth motions to compel payment of attorneys’ fees. We agree with the arguments of Ms. Palmer.
The order appointing Ms. Palmer as GAL stated that Mr. O’Neill would pay Ms. Palmer’s expenses as GAL. The order described Ms. Palmer’s responsibilities and specified certain actions that she could take through counsel, and it contemplated that Ms. Palmer would potentially be represented by counsel even though she was herself an attorney.
During the litigation, Mr. O’Neill paid Ms. Palmer’s fees and costs as GAL, and he also paid a portion of the attorneys’ fees incurred by her due to her service as GAL. Eventually, Mr. O’Neill asserted that he had no ongoing or further obligation to pay Ms. Palmer’s attorneys’ fees. Ms. Palmer then filed motions to compel payment of the attorneys’ fees.
The record reflects that the trial judge and another judge had previously entered orders directing Mr. O’Neill to pay attorneys’ fees to Ms. Palmer. However, in considering Ms. Palmer’s third and fourth motions to compel payment of attorneys’ fees, the trial judge stated that he lacked legal authority to order Mr. O’Neill to pay the fees.
Mr. O’Neill argues that notwithstanding the stipulated order appointing Ms. Palmer, she was not entitled to an award of attorneys’ fees in the absence of a statute or contract authorizing the payment of such fees. See Dade County v. Pena, 664 So.2d 959 (Fla.1995). For that reason, he not only argues in support of the trial court’s denial of Ms. Palmer’s third and fourth motions to compel payment but he also argues that the trial court erred by not ordering Ms. Palmer to reimburse to him GAL fees and costs and the attorneys’ fees that he previously paid.
Both the order appointing Ms. Palmer and section 61.403, Florida Statutes (1997), *452 set forth activities that a GAL may undertake, acting through counsel. Based on the order appointing Ms. Palmer, it is evident that the O’Neills contemplated that Ms. Palmer would retain counsel to represent her as necessitated by her efforts as GAL and that Mr. O’Neill would pay those fees as an expense of the GAL.
The stipulation by the O’Neills to the entry of the order appointing Ms. Palmer constitutes an agreement. See McGoey v. State, 736 So.2d 3i, 34 (Fla. 3d DCA 1999). When appropriately made, stipulations are binding on the parties and the courts. Id.; see also Esch v. Forster, 123 Fla. 905, 168 So. 229, 231 (1936). A court will enforce a stipulation unless good cause is shown, especially where parties have acted in reliance on the stipulation. Esch, 168 So. at 231-32; Dunscombe v. Smith, 139 Fla. 497, 190 So. 796, 799 (1939).
The order appointing Ms. Palmer as GAL documented Mr. O’Neill’s agreement that he would pay Ms. Palmer’s expenses as GAL. The order precluded Ms. Palmer from acting as both GAL and as attorney to the GAL, but it specifically contemplated that she may require the services of an attorney in connection with her duties as GAL. Under the terms of the order, Mr. O’Neill is responsible for those attorneys’ fees properly incurred as expenses by Ms. Palmer in connection with her serving as GAL.
Because the trial court erred in denying Ms. Palmer’s third and fourth motions to compel payment of attorneys’ fees, we reverse the order denying those motions. We remand with directions that the trial court determine and award to Ms. Palmer, and against Mr. O’Neill, the reasonable amount of attorneys’ fees incurred by Ms. Palmer due to her service as GAL.
Affirmed in part, reversed in part, and remanded.
PARKER, JERRY R., and STRINGER, THOMAS E., SR., ASSOCIATE JUDGES, Concur.