884 So.2d 304 (2004)
Betty CULLEN, Appellant,
v.
Thomas CULLEN, Appellee.
No. 2D02-Z5698.
District Court of Appeal of Florida, Second District.
August 20, 2004.
*305 Rebecca Zung Clough and Victoria Ho of Asbell & Ho, P.A., Naples, for Appellant.
David F. Garber of Garber, Hooley & Holloway, LLP, Naples, for Appellee.
NORTHCUTT, Judge.
Betty Cullen challenges the financial aspects of the judgment dissolving her marriage to Thomas Cullen. Insofar as the judgment identifies and distributes the parties' assets, we affirm without further discussion. However, the failure of the circuit court to make adequate findings undermines its denial of Mrs. Cullen's prayers for periodic alimony and attorneys' fees. We reverse and remand for reconsideration of these claims. We also direct the circuit court to grant Mrs. Cullen's request to have her former name restored.
The circuit court denied Mrs. Cullen's request for alimony, finding simply that "she has indicated an ability [to] earn funds, provide for herself and that this is a short term marriage." All of these things are true. However, the court failed to make findings regarding the other economic factors listed in section 61.08, Florida Statutes (2002). The most important omission related to the financial impact of Mrs. Cullen's several physical maladies, the most serious of which was breast cancer. At the time of the final hearing, her cancer had been treated, apparently successfully. But Mrs. Cullen presented evidence of burdensome ongoing medication expenses associated with this and her other conditions. If that evidence was accurate, it is unlikely that Mrs. Cullen could support herself on her earnings.[1]
To be sure, that this marriage lasted only seven years militates against awarding alimony. But the short duration of a marriage does not preclude such an award. Volosin v. Volosin, 382 So.2d 733 (Fla. 2d DCA 1980). Indeed, ample case law demonstrates that a number of circumstances may justify an alimony award notwithstanding that the marriage was a short one. See, e.g., Reeves v. Reeves, 821 So.2d 333 (Fla. 5th DCA 2002) (holding that alimony award was justified by former wife's need to care for disabled child); Gallinar v. Gallinar, 763 So.2d 447 (Fla. 3d DCA 2000) (finding justification for alimony award in wife's psychiatric condition); Lagstrom v. Lagstrom, 662 So.2d 756 (Fla. 4th DCA 1995) (holding that circuit court was within its discretion to award alimony to severe depressive). Because the circuit court failed to make the findings required by the statute, we are unable to determine whether the court abused its discretion by denying alimony in this case. See Solomon v. Solomon, 861 So.2d 1218 (Fla. 2d DCA 2003). Therefore, we reverse this aspect of the final judgment and remand with directions to revisit the alimony question in light of all relevant economic factors. If need be, the court may take additional evidence on this issue. Its ultimate determination shall be accompanied by written findings of fact as required by section 61.08.
The circuit court denied Mrs. Cullen's prayer for attorneys' fees because she "has indicated an ability to pay her *306 own attorneys fees[.]" This conclusion was based on the court's observation that Mrs. Cullen had, in fact, paid fees to attorneys during the litigation. Evidence in our record reflects that she did so by depleting her assets. See Kendall v. Kendall, 677 So.2d 48, 49 (Fla. 4th DCA 1996) (observing that spouse's need of assistance to prevent inequitable diminution of her share of equitable distribution is valid consideration on attorneys' fees entitlement). Moreover, the mere fact that a party has paid fees, or has some ability to pay fees, does not control. It is not necessary that one spouse be completely unable to pay attorneys' fees for the circuit court to require the other spouse to pay them. Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997). The purpose of an attorneys' fee award under section 61.16, Florida Statutes (2002), is to ensure that both parties will have a similar ability to obtain competent legal counsel. To do so, the court must look to each spouse's need for suit money versus each party's respective ability to pay. Id. Because the final judgment contains no findings regarding the parties' overall finances, we are unable to determine whether the court correctly denied the fee claim based on the parties' relative financial circumstances. For this reason, we reverse this ruling and remand with directions to reconsider the attorneys' fee issue and to make findings of fact sufficient to permit review of its decision.
Finally, on remand the circuit court shall grant Mrs. Cullen's prayer to have her former name restored. See Green v. Green, 672 So.2d 49 (Fla. 4th DCA 1996).
Affirmed in part, reversed in part, and remanded for further proceedings.
KELLY and WALLACE, JJ., Concur.
NOTES
[1] Although the parties were able to settle several aspects of their financial dispute, they were unable to agree on Mrs. Cullen's request for an interest in Mr. Cullen's premarital pension. Evidence below disclosed that if she had been granted even a nominal share of the pension she would have been eligible for insurance that would have substantially reduced the financial impact of her ongoing medical expenses.