919 So.2d 559 (2005)
Mirian GOMEZ-CRUZ, Appellant,
v.
Humberto CRUZ, Appellee.
No. 5D05-28.
District Court of Appeal of Florida, Fifth District.
December 30, 2005.
Rehearing Denied January 25, 2006.
*560 Thomas R. Peppler, of Stein, Sonnenschein, Hochman & Peppler, Oviedo, for Appellant.
Tanya M. Plaut, of Tanya M. Plaut, P.A., Marshall, North Carolina, for Appellee.
ORFINGER, J.
Mirian Gomez-Cruz appeals the final judgment dissolving her marriage to Humberto Cruz. The former wife contends that the trial court erred in denying her request for permanent alimony. We find no error and affirm.
The parties were married for seven and one-half years and had no children. The former husband is a medical doctor. Prior to the marriage, the former wife was a police officer, and during the marriage, served as the former husband's office manager. The former wife requested permanent alimony, claiming that she was permanently disabled due to a variety of medical conditions.
In the final judgment, the trial court concluded, in part:
P. PERMANENT ALIMONY:
....
(3) The age and the physical and emotional condition of each party.... [T]he Wife was 34 years of age at the time of trial. Wife testified that due to her medical diagnosis and mental health issues[,] she is not capable of going back to work. After reviewing the doctors' depositions and the medical records[,] this court finds that there is no identifiable diagnosis that would lead this court to conclude that Wife is incapable of working full time and supporting herself. Moreover, Wife's two applications for Social Security benefits have been denied with a finding that her condition was not disabling.
....
(5) The time necessary for each party to acquire sufficient education or training to enable such party to find appropriate employment. Wife attended the police academy and had worked for several years as a police officer and an undercover agent. During the marriage[,] Wife worked as an officer manager in the Husband's medical office. Wife can begin employment in the law enforcement field or find suitable employment as an officer manager.
In Vitalis v. Vitalis, 799 So.2d 1127, 1130 (Fla. 5th DCA 2001), we said:
In a dissolution proceeding, the trial court possess[es] broad discretion to do equity between the parties. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980); Doyle v. Doyle, 789 So.2d 499, 501 (Fla. 5th DCA 2001). The standard of review is whether the trial court abused its discretion. Canakaris, 382 So.2d at 1202-03. In reviewing a dissolution judgment, this court looks at the judgment as a whole in determining whether the trial court abused its discretion. Hamlet v. Hamlet, 583 So.2d 654, 657 (Fla.1991). "It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the evidence. Rather, the test is whether the judgment of the trial court is supported by competent evidence." Deakyne v. Deakyne, 460 So.2d 582, 583 (Fla. 5th DCA 1984) (citing Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983)).
Having reviewed the record thoroughly, we conclude that the trial court's judgment is supported by competent evidence. Therefore, we cannot conclude that the *561 trial court abused its broad discretion in denying an award of permanent alimony to the former wife. Layeni v. Layeni, 843 So.2d 295, 298 (Fla. 5th DCA 2003).
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.