933 So.2d 106 (2006)
Beverly Ann JOSLIN, Appellant,
v.
Jeffrey A. JOSLIN, Appellee.
No. 5D05-1192.
District Court of Appeal of Florida, Fifth District.
May 26, 2006.
Rehearing Denied July 14, 2006.
Linda D. Schoonover of Linda D. Schoonover, P.A., Lake Mary, for Appellant.
Thomas R. Peppler, of Stein, Sonnenschein, Hochman & Peppler, Oviedo, for Appellee.
MONACO, J.
The appellant, Beverly Ann Joslin, appeals the final judgment dissolving her seven year marriage with the appellee, Jeffrey A. Joslin. She argues, first, that she should have been awarded permanent alimony, and second, that Mr. Joslin should have been required to pay more than half of her attorney's fees. We have reviewed the financial awards in the judgment using an abuse of discretion standard. See Doyle v. Doyle, 789 So.2d 499 (Fla. 5th DCA 2001). While this is admittedly a close case, the judgment is supported by competent substantial evidence. See Gomez-Cruz v. Cruz, 919 So.2d 559 (Fla. 5th DCA 2005). As reasonable persons could differ with respect to the propriety of the actions of the trial judge, we conclude that there was no abuse of discretion, and affirm. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980); Beasley v. Beasley, 752 So.2d 110 (Fla. 5th DCA 2000).
AFFIRMED.
THOMPSON, J., concurs.
SHARP, W., J., dissents with opinion.
SHARP, W., J., dissenting.
I respectfully dissent. In view of the disparity in the parties' earning ability and the wife's disabilities, I believe the trial court breached its discretion in failing to award the wife some amount of permanent alimony.
The record reflects that the wife has not worked since September 1999 and currently receives Social Security disability benefits. The Social Security Administration had determined that the wife is permanently *107 disabled due to epilepsy, arthritis, chronic pain syndrome, failed back syndrome, migraines, Lyme disease and fibormyalgia. She was diagnosed with arthritis as a child and it has become progressively worse since then. She is on multiple medications and her health problems prevent her from working. She had two back surgeries in 1999 to fix herniated discs and experienced complications after the second surgery, including a severe infection, and had to have a third surgery.
The wife has been denied welfare assistance and does not qualify for food stamps. She receives too much from Social Security to qualify for Medicaid but cannot afford the COBRA payments to continue her insurance through the husband's employer. She does not have enough resources to provide for her son from her previous marriage and voluntarily gave primary residency of her son to his father.
The wife's only source of income is her Social Security benefits in the amount of $1,128 per month. In contrast, the husband works for BellSouth as a technician. The trial court found that he earned between $59,000 and $60,000 a year with a net monthly income of $3,572.50.
The trial court considered the wife's physical and emotional condition but concluded that "the Wife's disabilities are a result of medical conditions that arose prior to the marriage and have not been exasperated by the marriage." However, this is not a proper basis to deny alimony to a needy spouse.
A spouse is not relieved of the responsibility of paying alimony simply because he did not cause or contribute to the condition of the other spouse. Florida courts have awarded permanent alimony even in short-term marriages in which a spouse suffered disabilities for which the paying spouse had no responsibility. See Levy v. Levy, 900 So.2d 737 (Fla. 2d DCA 2005) (absence of any evidence that husband contributed to wife's disability was irrelevant to analysis of whether an award of permanent alimony was appropriate following dissolution of two year and four month marriage); Gallinar v. Gallinar, 763 So.2d 447 (Fla. 3d DCA 2000) (wife who suffered from a psychiatric condition which predated the two year and eight month marriage and caused her to be unable to maintain employment demonstrated need for permanent alimony).
In determining whether an alimony award is appropriate, the trial court must insure that neither spouse passes automatically from "prosperity to misfortune." Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla.1980). Without any financial assistance from the husband in the form of permanent alimony, the wife most likely will end up homeless. In my view, under the facts of this case, it was an abuse of discretion to fail to award the wife permanent alimony, as well as all of her attorney's fees.